PHILIP F. PISTOR, Survivor, etc., Appellant, *v.* AMOS F. HAT-
FIELD et al., Respondents.

Plaintiff demurred to two counts of defendants' answer.   The demurrer was sustained; and from the order sustaining demurrer, defendants appealed, but without giving security or obtaining a stay.   Plaintiff thereupon noticed the cause, took an inquest at the circuit, and perfected judgment.   This judgment was, upon defendants' motion, set aside.   From the order setting it aside plaintiff appealed, defendants moved at a General Term, one of the members of which, was the justice who

granted the order, to dismiss    the appeal upon the grounds, that the order was not an appealable one; also, that plaintiff had waived his appeal by appearing, and without objection, arguing the appeal from the order sustaining the demurrer.   The appeal was dismissed.   From the order of dismissal an appeal was brought to this court.—*Held,*

1st.  That as under section eight of article six of the State Constitution, the General Term, as constituted, had no power to review the order or to entertain the question, whether it was an appealable one, it must be assumed that only the question of waiver was entertained and passed upon.

2d.  That plaintiff's appearance and argument of the appeal from the order sustaining demurrer, was no waiver of appeal from the order setting aside inquest and judgment.

3d.  That this court will not examine into the merits of the Special Term order appealed from, as it has not been reviewed upon its merits by the General Term.

(Decided September 11th, 1871.)

APPEAL from order of the late General Term of the first judicial district, dismissing plaintiff's appeal from an order of Special Term, setting aside an inquest and judgment entered thereon.

This action was brought, to recover back money paid under a judgment which had been reversed.   Defendant set up three defences ; first. That the court had no jurisdiction to reverse the judgment; second. That one of the defendants had appealed; and third. A denial of payment.

Plaintiff demurred to the first two counts of defendants' answer.   The demurrer was sustained.   From the order defendant appealed, but gave no undertaking and procured no stay.   Plaintiff took an inquest at the circuit and entered judgment.   These upon defendants' motion, the Special Term (INGRAHAM, J.,) set aside ; afterward the appeal from the order sustaining demurrer was brought on for argument and order affirmed.

Defendants thereupon, moved to dismiss the appeal from the order setting aside inquest and judgment, upon the grounds, that plaintiff had waived his appeal by appearing and arguing, without objection, the appeal from the order sustaining demurrer ; and, also, that the order was not an appealable

one. INGRAHAM, J., was a member of the General Term before which the motion was made. The motion was granted and appeal dismissed.

*W. Watson*, for appellant, arguing defendants' appeal from the decision of demurrer, was no waiver of appeal from order of INGRAHAM, J., vacating the judgment. (*Dey* v. *Walton*, 2 Hill, 406, in Ct. Errors.)

*A. R. Dyett*, for respondents. That appellant waived his appeal, having recognized and acted under order of INGRAHAM, J. (4 Abb. Pr. R., 468 ; 15 id., 140, *n ;* 1 Robertson, 639 ; 4 E. D. Smith, 139 ; 16 Howard Pr. R., 483 ; 1 N. Y. Rep., 126 ; 7 Paige, 206 ; 18 N. Y. Rep., 481 ; 3 Abb. Pr. R., 142.) The attorneys for defendant, H. B. Brundret, were entitled to notice of appeal. (Code, § 327 ; *Coates* v. *Cottrell*, 28 Howard P. R., 436 ; 17 Abb. Pr. R., 86 ; 26 Howard P. R., 247.) The inquest and judgment were irregular. (*Merrill* v. *Grinnell*, 10 How., 31 ; Code, § 251 ; *Palmer* v. *Smedley*, 13 Abb., 185 ; Code, § 256 ; *Culver* v. *Felt*, 4 Robt., 681 ; 30 How., 442 ; *Farley* v. *Hebber*, 3 Dow. Pr. Cases, 538.)

GROVER, J. Section 8 of the Constitution provides, that no judge shall sit at General Term in review of his own decision. The case showed that Justice INGRAHAM, who made the order appealed from at Special Term, was a member of the General Term, by which the order dismissing the appeal was made. He was incompetent to sit upon a review of the order upon its merits, or to take part in determining, whether the order was appealable to the General Term, as the latter inquiry, involves an examination of the order equally with a determination of the appeal upon the merits. Hence, the General Term, as constituted, could not entertain the question, whether the order of the Special Term was not made upon the merits, instead of being based upon the alleged irregularity of the plaintiff's practice. The order of the General Term cannot, therefore, be sustained by this court

upon any such ground. The only question presented to the General Term, that Justice INGRAHAM could participate in determining was, whether the appellant had waived his appeal, by appearing at the General Term, upon the hearing of the appeal, taken by the respondent from the decision of the Special Term, sustaining the demurrer of the appellant to one of the defences interposed by the answer of the respondent. Such appearance was not a waiver of the appeal from the order made by Justice INGRAHAM. An appeal from a judgment or order, or the right to appeal therefrom, is waived by the party seeking to prosecute the appeal, having availed himself of a benefit given to him by the judgment or order, or proceeding in the cause, upon the assumption of the validity thereof. The appellant, in the present case, has done neither. The benefit secured to him by the order was a new trial of the issue of fact. He has done nothing under this provision, appearing at the General Term and resisting the reversal of the order of the Special Term, sustaining his demurrer to the answer of the respondent, did not assume the validity of the order of Justice INGRAHAM setting aside the judgment. It was necessary for the appellant to sustain his demurrer, whether the order of Justice INGRAHAM was properly granted or not. He must sustain the demurrer to uphold his right of recovery in either event. Sustaining the demurrer was a proceeding having no connection with or dependence upon that order. The counsel for the appellant insists, that as the whole merits are shown by the case, this court should determine, whether the order of Justice INGRAHAM was proper, the same as though such order had been reviewed upon its merits by the General Term. In this the counsel overlooks the incompetency of Justice INGRAHAM, so to review it. Had it been so reviewed and determined by a court in which he sat, it would have been the duty of this court, to reverse the order upon appeal, upon the ground that the court was not authorized to hear the case without considering, whether the determination was right or wrong, otherwise the provision of the Constitution would be wholly

nullified. It must be assumed that the General Term only entertained and passed upon the question, whether the appellant had waived his appeal, as that was the only question the court, as constituted, were authorized to determine; and having erred in determining that he had, the order dismissing the appeal, must be reversed with costs, and the appeal heard by the General Term authorized to hear and determine it.

All concur.    Order reversed.