WILLIAM H. VAN ARSDALE, Respondent, *v.* GEORGE KING, Appellant.

1. APPEAL. Litigants are entitled to have their appeals heard and determined by a constitutional court.

2. JUSTICE SITTING IN REVIEW OF HIS OWN ORDER — CONSTITUTION OF 1846, ART. 6, § 8. An order made by a General Term of the Supreme Court, reviewing and affirming an order made at Special Term by one of the justices who sits in the General Term to review it, must be reversed as it is in violation of section 8, article 6 of the Constitution of 1846, prohibiting a judge or justice from sitting at a General Term of any court " in review of a decision made by him."

*Van Arsdale* v. *King*, 87 Hun, 617, reversed.

(Submitted February 1, 1897; decided March 2, 1897.)

APPEAL from an order of the General Term of the Supreme Court in the second judicial department, entered June 5, 1895, which affirmed an order of Special Term denying a motion to vacate an order granting plaintiff leave to bring an action under section 1913 of the Code of Civil Procedure and to set aside and vacate all the proceedings subsequent thereto.

The facts, so far as material, are stated in the opinion.

*William P. Fiero* for appellant. A justice of the Supreme Court cannot sit at General Term in review of an order made by him. (Const. N. Y. 1846, art. 6, § 8 ; *Duryea* v. *Traphagen,* 84 N. Y. 652 ; *Pistor* v. *Hatfield,* 46 N. Y. 250 ; *Real* v. *People,* 42 N. Y. 276 ; *Murdock* v. *I. T. & T. Co.,* 14 Misc. Rep. 225 ; *Bentley* v. *Jones,* 4 How. Pr. 335 ; *King* v. *Stafford,* 5 How. Pr. 30.)

*Isaac N. Mills* for respondent.

Haight, J.   On the 26th day of November, 1890, the plaintiff made an affidavit, in which he stated that, on the 27th day of November, 1880, he recovered a judgment against the defendant, George King, in the County Court of Westchester county for the sum of $453.38, which judgment remained wholly unsatisfied ; that he desired leave of the court to bring an action against the defendant upon the judgment, but that he was unable to make personal service upon the defendant of the notice of application for such leave owing to the fact that the defendant was a non-resident of the state, and, as he was informed and believed, resided in Farmingham, Massachusetts.   Upon this affidavit Justice Cullen, on the same day, made an order permitting the notice, with the affidavit of the plaintiff annexed, to be made by mailing a copy, securely closed in a postpaid wrapper, addressed to George King at Farmingham, Massachusetts.   The notice was required to be mailed on or before November 28th, and by its terms was returnable at a Special Term of the Supreme Court to be held in the village of White Plains on the 6th day of December, 1890.   On the return day no one appeared to oppose the motion, and an order was entered by Justice Jackson O. Dykman granting leave to the plaintiff to bring the action prayed for.   Subsequently the action was brought and resulted in a judgment in favor of the plaintiff.   On the 14th day of April, 1894, the defendant, upon affidavits setting forth the facts, moved for an order vacating the order granting leave to bring the action and all subsequent proceedings taken thereto. This motion was denied, and the order denying such motion was affirmed in the General Term, Justice Dykman sitting as one of the judges of the court and writing the opinion.

It is claimed, among other things, that the original order, granting leave to sue, was improvidently granted for the reasons that the notice of the application for the order was served by mail without the state only nine days before the day set for the hearing of the motion ; that the affidavit of the plaintiff upon which the order was granted did not show that personal service of the notice could not be made within the

state; that the plaintiff's affidavit was made upon hearsay statements made by one who was not shown to have had any knowledge as to the whereabouts of the defendant, and that the same was not in compliance with the provisions of section 1913 of the Code of Civil Procedure. It will thus be seen that one of the chief questions brought up for review in the General Term was as to whether the original order was properly granted. The learned justice writing the opinion in the General Term says, with reference thereto, that there "was only irregularity in the original motion for leave to sue." It is thus apparent from his own statement that he was sitting in review of an order made by him. This, we think, he had no power to do. Article six, section eight, of the old Constitution provided that "no judge or justice shall sit at a General Term of any court, or in the Court of Appeals, in review of a decision made by him, or of any court of which he was at the time a sitting member." To the same effect is article six, section three, of the new Constitution. This provision must be construed according to its spirit and intent; that it applies to an order of this character there can be no serious question. (*Duryea* v. *Traphagen*, 84 N. Y. 652; *Pistor* v. *Hatfield*, 46 N. Y. 249; *Real* v. *People*, 42 N. Y. 270, 276.)

It is quite evident that in the General Term Justice DYKMAN's attention was not called to the fact that he presided at the Special Term at which the original order was made, and that he had forgotten that fact. Mistakes of this character are not uncommon. Litigants are, however, entitled to have their appeals heard and determined by a constitutional court, and we would not be justified in depriving them of this right, however innocent the mistake may be.

The order of the General Term should be reversed, and the matter remitted to the Appellate Division, there to be reheard and determined, with costs to abide the event.

All concur.

Ordered accordingly.