JESSIE O. GREENLUND, Plaintiff, v. BELLE GREENLUND FENNER, Individually and Another, Defendants.

Supreme Court, Chautauqua County, May 14, 1926.

References — jurisdiction — State Constitution of 1894, art. 6, § 20, reciting no judicial officer " hereafter elected " in counties having population exceeding 120,000 shall act as referee, applies only to officials in counties having at time of election population exceeding 120,000.

Section 20 of article 6 of the State Constitution of 1894, which provides that no " county judge or surrogate hereafter elected in a county having a population exceeding 120,000 * * *" shall act as referee, reasonably construed, applies only to officials elected in a county having at the time they are elected a population exceeding 120,000.

MOTION by plaintiff to vacate a judgment in favor of the defendants.

*Louis L. Thrasher*, for the plaintiff.

*Benjamin S. Dean*, for the defendants.

NORTON, J. The plaintiff seeks to vacate a judgment granted and entered in the above-entitled action, in favor of the defendants, upon the report of the referee therein, Hon. Warner S. Rexford; upon the ground that said referee was, at the time of his appointment, throughout the period of the trial, and when he made his report or decision therein, surrogate of Chautauqua county, which county had a population at all such times exceeding 120,000.

The facts, as conceded by the parties, are that Judge Rexford was, by stipulation of the parties, on June 15, 1925, appointed such referee; that the trial commenced September 3, 1925, and terminated November 6, 1925, by the handing down of the referee's report and decision, upon which the judgment in question was entered, November 18, 1925, that Judge Rexford was elected surrogate of Chautauqua county, for a term of six years, at the general election in November, 1922; that he qualified January 1, 1923, and has acted as such surrogate at all times thereafter.

When he was so elected Chautauqua county, as fixed by the last official census (Federal, 1920), had a population of 115,348; the last preceding New York State official census (that of 1915) fixing such population at 116,818.

In 1925, commencing June first, and as of that date, an official enumeration of the residents of the State, including Chautauqua county, was taken, the result of which, as to Chautauqua county, was first reported or announced by the Secretary of State after the entry of such judgment.

Under date of March 15, 1926, the Secretary of State certified: " That according to the last New York State enumeration of inhabitants, taken as of June 1, 1925, the county of Chautauqua, is credited with the following population: Citizens, 120,586 (23 of which are Indians); aliens, 7,514; total, 128,100."

On these facts, under section 20, article 6 of the State Constitution of 1894, which reads as follows: " No judicial officer, except Justices of the Peace, shall receive to his own use any fees or perquisites of office; nor shall any Judge of the Court of Appeals, or Justice of the Supreme Court, or any County Judge or Surrogate hereafter elected in a county having a population exceeding one hundred and twenty thousand, practice as an attorney or counselor in any court of record in this State, or act as referee," the plaintiff claims that Judge Rexford was disqualified to act as such referee, and that, therefore, such judgment is void and must be vacated.

Plaintiff bases such claim on the contention that the words " hereafter elected " as used in such section relate solely to the county judges and surrogates in office at the time of the adoption of the section, and do not affect nor except any such officials elected after the adoption thereof; as to them, that the words " in a county having a population exceeding one hundred and twenty thousand " are controlling; that immediately Chautauqua county exceeded such population, as determined by a legal enumeration, the county judge and surrogate thereof were barred from the practice of law and from acting as referees.

If such is the correct construction of that provision, then the judgment herein must be vacated. The parties cannot by their consent or waiver remove from the Constitution such inhibition if it is therein contained. (*Countryman* v. *Norton,* 21 Hun, 17; *Oakley* v. *Aspinwall,* 3 N. Y. 547; *People* v. *Whitridge, No. 2,* 144 App. Div. 493; *Van Arsdale* v. *King,* 152 N. Y. 69; *Duryea* v. *Traphagen,* 84 id. 652.)

But the provision in question is open to another construction. Conceding plaintiff's construction thereof to have some support in

its phraseology, yet it may be read to apply only to officials elected in a county having at the time they are so elected a population exceeding 120,000. The pertinent part reads: " Nor shall * * * any County Judge or Surrogate hereafter elected in a county having a population exceeding one hundred and twenty thousand, * * * act as referee."

The construction of the section contended for by plaintiff requires a punctuation thereof that does not appear in the section as adopted. Read with the phraseology and punctuation of the section as written and adopted, it may reasonably be construed to apply only to officials elected in a county having at the time they are so elected a population exceeding 120,000.

While by punctuating the phrase as plaintiff claims it should be it would mean what the plaintiff contends for, standing as it is and giving each word its full meaning and emphasis, the fair import of the phrase excepts Judge Rexford from the inhibition of the section. Read as adopted, the word " hereafter " excepts from the inhibition those in office in counties exceeding 120,000 population at the time of adoption; and the word " elected " excepts those thereafter elected in counties of less than 120,000 population, when elected, but which, before the expiration of the terms for which they are elected, exceed 120,000.

The history of such provision; the provisions which antedated and succeeded it; and the situation to which it was to apply at the time of its adoption, may be considered in the endeavor to arrive at what the framers thereof intended.

Prior to 1894, article 6, section 21, of the Constitution of 1869 read as follows: " No judicial officer, except Justices of the Peace, shall receive to his own use, any fees or perquisites of office; nor shall any Judge of the Court of Appeals, Justice of the Supreme Court, or Judge of a Court of record in the cities of New York, Brooklyn or Buffalo, practice as an attorney or counselor in any court of record in this State, or act as Referee."

In 1894 the Constitution was amended and such section 21 became section 20, and was changed to read as hereinbefore quoted.

When that amendment was adopted there were eight counties only in the State to which the inhibition applied; to such counties also was the postponement of the application thereof thereby made effective. Between 1894 and 1925, the whole period that such section 20 was in force, Bronx county, by erection in 1900 and Nassau county in 1920, by increase in population, joined the counties subject to such inhibition, and Rensselaer, in 1920, by loss of population, left that class.

In 1925, effective January 1, 1926, the judiciary article of the Constitution was revised and the provision in question was incorporated in section 19 of article 6, and amended to read as follows: " and a county judge or surrogate elected in a county having a population exceeding one hundred and twenty thousand, shall not practice as an attorney or counselor in any court of record in this State nor act as referee in any action or proceeding."

While the fact, that from the provision as revised in 1925 the word " hereafter " is dropped, and thus the application of the exception from the inhibition therein contained is now made clear and definite, may have little weight in determining the meaning of the provision in question; but as such action is open to the deduction that the framers of the 1925 revision considered that such word " hereafter " in section 20 of the Constitution of 1894 had served its full purpose, by preserving to the county judges and surrogates of such eight counties, in office at the time of the adoption thereof in 1894, the right to practice law and act as referees during the balance of the terms they were then serving, it is at least of some weight, showing, as it does, that the present attitude toward such officials is that their status, as to right to practice and act as referee, is fixed as of the time of their election.

The two cases in which the provision in question herein was before the appellate courts of the State, viz., *Matter of Silkman* (88 App. Div. 102) and *Adams* v. *Elwood* (176 N. Y. 106), have little or no bearing on the question involved in the instant case. Yet the statement of Judge WOODWARD, in his concurring opinion in the *Silkman* case (p. 107) as to the construction of statutes and Constitutions, is both pertinent and illuminating: " Mr. Silkman has a right to practice his profession; this right is guaranteed by both the State and Federal Constitutions, and in accepting the office of surrogate he is not deemed to have sacrificed any of those rights beyond the strict letter of the constitutional requirement, read in the light of those rules of interpretation and construction with reference to which all laws are presumed to have been enacted. There is no respectable authority with which we are familiar which warrants the construction of statutes or constitutions to take away the fundamental rights of the individual beyond the strict letter and spirit of the law, and the authorities are numerous that where the enactment creates a new rule, unknown to the common law, it should be construed strictly against the State or municipality, and liberally in favor of the citizen. (*Sprague* v. *City of Rochester*, 159 N. Y. 20, 26; *Schneider* v. *City of Rochester*, 160 id. 165, 172, and authorities there cited.) "

One of the principal reasons for written Constitutions is

definiteness — certainty. That is why Constitutions are written. Not alone definiteness of terms, certainty of provisions; but, so far as possible, definiteness of effect, certainty of result, are fundamental purposes of Constitutions.

Judge O'BRIEN said in *People ex rel. Bd. of Ch.* v. *N. Y. Soc., etc.* (161 N. Y. 233, 243): "Reasonable certainty is a quality that we are accustomed to ascribe to all laws, and especially to constitutional or statutory enactments."

The provision in question herein, construed to apply to incumbents in office as of the time of the taking an official census, results in neither the incumbent, as candidate nor as elected official, nor the electors of the county, knowing, when such official is elected, what his status will be throughout the term for which he is elected. His status may be changed, if an official census be taken, in any year of his term, and so as to relate back and make, as plaintiff contends is true in this case, what was by all parties, at the time of performance, believed to be legal and valid, actually illegal and void. Such construction causes an uncertainty and indefiniteness that is not conductive of results that written Constitutions are adopted to effect.

While to construe the provision to the effect that the status of the incumbent is fixed, for his term of office, as of the time he is elected, makes for stability and certainty. The incumbent as candidate and as elected official, knows what his status is and is to be throughout his term; and his constituents know whether or not such official will be inhibited as to the practice of law and acting as referee, by the conditions as they exist at the time of his election. Thus both the candidate in aspiring to the office, and the electors in electing him thereto, may act intelligently and with assurance that throughout the incumbent's term there will be no change. And the incumbent may, throughout his term, accept references and practice his profession without fear that he may be inadvertently and unintentionally violating a provision of the Constitution.

I am of the opinion that Judge Rexford was not and is not inhibited from acting as referee, during his present term of office as surrogate; and that such judgment should not be vacated. Motion denied.