## GREEN *v.* STATE.

### (*Nashville.* March 8, 1890.)

CRIMINAL PRACTICE. *As to suspected present insanity where it is not pleaded*
Where no plea of present insanity has been interposed in defendant's behalf in the lower Court, and there is any thing in the record or conduct of the defendant to raise a just suspicion of his present insanity, this Court will, of its own motion, make inquiry into his present mental state; and if he is found to be insane will make proper recommendation for commutation of his sentence, and for his removal to the Asylum for the Insane.

CALDWELL, J. At a former day of the present term this Court affirmed the judgment of the Cir-

cuit Court in this case, and pronounced the sentence of death upon John W. Green for the murder of Ova Davis.

The Court and jury were of opinion that he was sane when he committed the act, was guilty of murder in the first degree, and should suffer the extreme penalty of the law for his crime, notwithstanding the defense of insanity and the effort to show that, at the time of the homicide, he was demented, and therefore beyond the domain of legal accountability. After a most solicitous and painstaking investigation of the record, we were convinced of the correctness of the result reached in the Court below *on the issue tendered,* and we still have abiding confidence in the soundness of that conclusion.

After the commission of the murder, Green fired several shots into his own head, and it was supposed for many days that he would not survive the effects of the injuries so inflicted. Some of the testimony used at the trial, and transcribed into the record for this Court, strongly indicated that those self-inflicted wounds had greatly impaired, if not entirely destroyed, his mental equilibrium. This testimony, together with the very unnatural conduct of the prisoner in our presence pending his trial here, caused this Court, on its own motion, to have a thorough investigation of his present mental condition made, so that proper action might be taken with respect thereto in case he should prove now to be insane.

In the absence of a plea of present insanity, and defense on such plea in the Court below (in conformity to the statute, Code (M. & V.), § 2065), the course thus pursued is the only one left open to this Court.

The investigation thus prompted by feelings of humanity has resulted in the conclusion that the prisoner is *now* the victim of chronic *dementia*, superinduced by his self-inflicted wounds upon his head. In the consideration of this question in response to its own request, this Court has had the benefit of the professional opinion of one pre-eminently distinguished as an expert in diseases of the mind.

Therefore, in view of the prisoner's present mental condition, we recommend that the Governor of the State commute his punishment to imprisonment for life; after which, in the mode prescribed by law, he may be transferred from the Penitentiary to the Hospital for the Insane.