Davis v. Commonwealth.

CASE 4—INDICTMENT—OCTOBER 12.

## Davis v. Commonwealth.

APPEAL FROM LAWRENCE CIRCUIT COURT.

1. DYING DECLARATIONS.—Upon a trial for murder it was not competent for defendant to prove that another person had made a dying confession that he and not the accused killed the deceased.
2. SAME.—The statement of a dying person is competent as his dying declaration only when it relates to the manner and circumstances of the infliction upon him by another of personal injuries resulting in his death.
3. IMPEACHMENT OF WITNESS.—The fact that a witness is sworn and testifies entitles the adverse party to impeach his general reputation for truth without reference to the materiality of his evidence.
4. SAME.—It was competent to prove the bad reputation of a witness two years before the trial for the purpose of throwing light upon his reputation at the time of the trial.

RIFFE, SKAGGS, R. T. BURNS AND STEWART & STEWART FOR APPELLANT.

1. Any testimony tending to show that a person other than the accused committed the crime is competent. Therefore the dying confession of Granville Pearl should have been admitted.
2. It was error to allow the Commonwealth to impeach the defendant' witnesses by showing their reputation three or four years before the trial.

Davis v. Commonwealth.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. An admission or confession to be competent as evidence must be that of a party in interest or of a party accused of crime. (Stephen's Digest of Evidence, part 1, chap. 4, arts. 20, 21, 22; 1 Greenleaf on Evidence, sec. 233.)
2. A dying declaration must be the declaration of the accused, not of a third party. (United States v. Gooding, 12 Wheat.; The American Fur Co. v. United States, 2 Peters, 358; Commonwealth v. Eberle, 3 S. & R., 9.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant having been convicted of the crime of murdering Viona Pack by the Lawrence Circuit Court, he appeals and complains as follows: First, that the court erred in not allowing him to prove by G. W. Miller that Granville Pearl confessed to him on his death-bed that he, Pearl, killed Viona Pack. It seems to us that admissions and confessions as to competency stand upon the same footing. Admissions can not be used in evidence, except against the person making them in an issue between him and another person, wherein the truth of the admissions is involved, or against his privies claiming through him. And confessions are incompetent evidence except against a person charged with crime, or, in a proper state of case, against his confederates. Nor is the proposed evidence competent as a dying declaration, because such evidence is only competent when it comes from a declarant whose personal injuries by another have resulted in death, and the declarations must be confined to the manner and circumstances of the injury and to the person that did it.

Second, in allowing evidence to go to the jury, impeaching witnesses who had testified for the appellant, but who had not testified to any material fact for the

Davis v. Commonwealth.

appellant, the material fact which the appellant desired to prove by them having been excluded by the court. It seems to us that the fact that the witness is sworn and testifies entitles the adversary to impeach his general reputation for truth, without reference to the materiality of his evidence; otherwise, there would be constant strife and litigation over the question as to the materiality of the witnesses' evidence in order to determine whether or not the impeaching evidence was admissible.

Third, it is contended that evidence of the bad character of a witness, sought to be impeached, two years before the time that he testified, is incompetent. It is true that the character of a witness at the time he testifies is in issue before the court or jury, but it is equally true that his reputation before then may be inquired into in order to throw light upon his reputation at the time he testifies.

There is no doubt that Viona Pack was assassinated, and we think that the evidence authorized the jury to believe beyond a reasonable doubt that the appellant was the guilty party. The court committed no error.

The judgment is affirmed.