## ED JORDAN *v.* STATE.

### (*Nashville.*   December Term, 1910.)

1.   CRIMINAL LAW. Appeal does not lie from judgment upon plea of present insanity adverse to the defendant in a homicide.

The judgment upon the plea of present insanity adverse to the defendant in a homicide case is not a final judgment from which the defendant may appeal, because it is upon a collateral issue, and not final. (*Post, pp.* 84, 88.)

2.   SAME. Accused cannot be put upon his trial, while insane.

One charged with crime cannot be required to plead to the indictment, and be put upon his trial, sentenced, or punished while insane. (*Post, pp.* 87, 90.)

3.   SAME. Accused cannot escape trial upon ground of present insanity, if he can defend rationally.

The accused cannot escape trial upon the ground of present insanity, unless it is such that he cannot conduct his defense rationally. (*Post, pp.* 87, 88.)

4.   SAME. Same. Trial of issue of present insanity involves what.

The question presented upon the trial of the issue of present insanity is not the guilt or innocence of the accused, but whether his mental condition is such that he can conduct his defense rationally; and the issue is purely a collateral one. (*Post, p.* 88.)

5.   SAME. Same. Same. Sanity may be proved by a preponderance upon issue of present insanity, and is not required to be proved beyond a reasonable doubt.

The rule that the defendant, the presumption of sanity being overthrown, must be proved to be sane beyond a reasonable doubt, is applicable in criminal trials upon the direct issue of

Jordan v. State.

the guilt or innocence of the defendant, and not to the determination of preliminary matters and collateral issues, such as the issue of present insanity; for in the latter case, sanity may be proved by a preponderance of evidence. (*Post*, *pp*. 86-89, 91.)

Cases cited and approved: Dove v. State, 3 Heisk., 349; Stuart v. State, 1 Bax., 181; King v. State, 91 Tenn., 648.

6. SAME. Same. Same. Same. Practice is not prescribed by statutes; sanity proved by preponderance, and not beyond reasonable doubt.

The statute (Code of 1858, Sec. 1554, and Acts 1871, ch. 138, sec. 7), providing that, on a plea of present insanity, the court shall charge the jury that, if from the evidence they believe the defendant to be insane and dangerous to be at large, they shall so find, does not fix the practice in such cases, because these provisions are found in chapters of the Code and Acts relating to the government of hospitals for the insane, and the particular provisions mentioned are intended to provide for the admission of parties charged with crime who cannot be tried because of their insanity, though the language indicates that the trial is to be by jury, and that only a preponderance of evidence is necessary to determine the issue. (*Post*, *pp*. 89-91.)

Code cited and construed: Sec. 1554 (T. & S. and 1858). See sec. 2631 (S.); sec 2065 (M. & V.).

Acts cited and construed: Acts 1871, ch. 138, sec. 7.

7. SAME. Plea of present insanity to be sworn to by friend of defendant, and filed, when.

The proper practice in submitting a plea of present insanity is to have it verified by the oath of a friend of the defendant, and filed before the trial upon the indictment. (*Post*, *p*. 91.)

Case cited and approved: Green v. State, 88 Tenn., 634.

8. SAME. Plea of present insanity to be submitted to a special jury, when.

Where, on a plea of present insanity, there is any possible doubt upon the question of sanity, the issue should be sub-

Jordan v. State.

mitted to a jury in the trial court, specially impaneled to try it. (*Post, p.* 91.)

Case cited and approved: Firby v. State, 3 Bax., 358.

Case cited and distinguished: Bonds v. State, M. & Y., 143.

9. **SAME. Present insanity of accused may be investigated and determined by the supreme court, without a jury, when.**

Where it appears to the supreme court that the accused is probably insane and should not have been tried, or that judgment against him should not be executed, that court will investigate and determine the question of insanity without a jury, and make such order as the dictates of humanity and the law require in the postponement of trial or judgment. (*Post, p.* 91.)

Cases cited and approved: Bonds v. State, M. & Y., 143; Green v. State, 88 Tenn., 635.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson County.—A. B. NEIL, Judge.

J. B. NEWMAN, J. H. ZARECOR, J. B. GARNER, and J. E. TURNEY, for Jordan.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

Ed Jordan, the plaintiff in error, was indicted at the January term, 1910, of the criminal court of Davidson county for murder in the first degree, committed upon the body of Ed Thomasson. He was arraigned on April 2, 1910, and through his attorneys filed a plea of present insanity, averring "that the said defendant is at present insane and incapable of rendering his attorneys such assistance as a proper defense to an indictment for murder in the first degree demands," and issue thereon was joined by the State.

There was a trial upon this issue November 17, 1910, resulting in a verdict against the contention of the plaintiff in error, and the court thereon adjudged "that the defendant is at present sane and should be put upon his trial upon the indictment herein."

A motion for a new trial was made for the defendant, and upon it being overruled, a bill of exceptions was signed and filed, and an appeal in the nature of a writ of error prayed to this court, which was properly refused by the trial judge, because the judgment entered was upon a collateral issue and not final. The case was called for trial December 6, 1910, and, when called upon by the court to plead to the indictment, the defendant, through his attorneys, declined to plead further, and a plea of not guilty was filed for him by order of the trial judge. The trial was then proceeded with, and on December 12, 1910, the jury returned a verdict finding the

defendant guilty of murder in the second degree, and fixed his punishment at twenty years' confinement in the penitentiary. A motion for a new trial was overruled, and judgment entered in accordance with the verdict of the jury, from which the defendant prayed an appeal in the nature of a writ of error to this court, which was granted, and a bill of exceptions preserving the proceedings upon this trial was duly signed and filed.

The transcript before us contains the record upon the issue of present insanity and that of not guilty; in other words, the entire record made in the trial court.

The first and second errors assigned by the plaintiff in error relate to the trial upon the plea of present insanity, and are as follows:

"The court erred in charging the jury: 'The law presumes that all persons are of sound mind until the contrary is made to appear. When, therefore, any person charged with a criminal offense punishable by death or imprisonment pleads *insanity, as in this case,* and presents evidence establishing or tending to establish the said plea, which evidence is sufficient to rebut and overturn the presumption of sanity, then it must be made to appear to your satisfaction from all the evidence that the defendant is of sufficient mental capacity to give sane advice to his counsel involving the charge in the indictment.'

"The court erred in refusing to charge the jury, as requested by the defendant, on the trial of the issue of present insanity, as follows:

" 'The court charges you that you enter upon the investigation of this case with the presumption that the defendant is sane, and under this presumption of law it is not necessary for the State to adduce proof of his sanity until the presumption is overturned by proof of insanity introduced by defendant. When the proof of insanity makes an equipoise, the presumption of sanity is neutralized; it is overturned; it ceases to weigh, and the burden of proof then devolves upon State to show the sanity of the defendant beyond a *reasonable doubt.*' "

These assignments present but one question; that is, whether upon an issue of present insanity the general rule that the jury must find in accordance with the preponderance of the evidence, as in civil cases, or the doctrine of reasonable doubt, applicable in criminal cases upon the trial of the issue of guilt or innocence prevails. The trial judge charged that if the evidence offered by the defendant was sufficient to rebut and overturn the presumption of sanity, then it must appear to the satisfaction of the jury from all the evidence that the defendant was of sufficient mental capacity to give sane advice to his counsel involving the charge in the indictment. While counsel for the plaintiff in error insisted, by a special request, seasonably presented, that he should charge that, the presumption of sanity being overcome, the burden was upon the State to show the sanity of the defendant beyond a reasonable doubt.

The charge of the court was, in substance, that, if the

Jordan v. State.

presumption of sanity was rebutted by all the evidence introduced, the burden was then upon the State to establish by a preponderance of the proof that the defendant was sane or of sufficient mental capacity to give advice to his counsel concerning his defense.

By the common law, one who was charged with crime cannot be required to plead to the indictment, put upon his trial, sentenced, or punished while insane. The statutes to this effect that have been enacted in some jurisdictions are only declaratory of the common law. Black. Com., vol. 4, pp. 24, 396.

It would be inhuman, and to a certain extent a denial of the right of trial upon the merits, to require one who has been disabled by the act of God from intelligently making his defense to plead or be tried for his life or liberty. There may be circumstances in all cases of which the defendant alone has knowledge, which would prove his innocence, the advantage of which, if insane to such an extent that he did not appreciate the value of such facts, or the propriety of communicating them to his counsel, he would be deprived. It is not, however, every case of insanity that will incapacitate one from properly making his defense and prevent him from being placed upon trial. He may be insane upon some subjects, yet perfectly sane in regard to all other matters, and capable of properly advising his counsel. It may therefore be said that if a person arraigned for crime is capable of understanding the nature and object of the proceedings going on against him, if he rightly

comprehends his own condition in reference to such proceedings, and can conduct his defense rationally, he is, for the purpose of being tried, to be deemed sane, although on some other subjects his mind may be deranged or unsound.

The question presented by the issue is not whether the defendant can distinguish right from wrong, but is, as explained by the trial judge in another part of his charge, whether he is at the time of the investigation incapable, because of unsoundness of mind, of rendering his attorneys such assistance as a proper defense to an indictment preferred against him demands. The guilt or innocence of the defendant is in no way or to no extent involved in the issue. The inquiry is not as to his mental *status* at the time the crime was committed, which may be months or years before, but the condition of his mind at the time the inquiry is being made. The object of it is solely to determine whether he has mind and discretion which would enable him to appreciate the charge against him, the proceedings thereon, and enable him to make a proper defense.

It is a proceeding preliminary to the trial upon the guilt or innocence of the defendant, and the only effect it can have on such trial is to postpone it, in the event the issue is found for the defendant.

It is purely a collateral issue, similar to those involved upon an application for continuance, or the qualification of a talesman when that jury is being impaneled. It is also somewhat analogous to cases where

the question of the admission of evidence is presented and tried by the presiding judge, such as the competency of dying declarations and of secondary evidence of the contents of lost documents. In all these cases, although the question may arise in a criminal case, the determination is controlled by the preponderance of the proof. Peremptory challenges are not allowed in the trial of this issue, because they are only given where the trial is upon the indictment. *Freeman* v. *People,* 4 Denio (N. Y.), 9, 47 Am. Dec., 216.

The rule that the defendant, the presumption of sanity being overthrown, must be proven to be sane beyond a reasonable doubt, is applicable in criminal trials upon the direct issue of the guilt or innocence of the defendant. *Stuart* v. *State,* 1 Baxt., 181; *Dove* v. *State,* 3 Heisk., 349; *King* v. *State,* 91 Tenn., 648, 20 S. W., 169. But it has never been applied in the determination of preliminary matters and collateral issues in such cases. Public policy forbids that it be extended to such matters; for it is evident that, if it was, it would greatly embarrass the enforcement of the criminal law with that speed and certainty which its administration demands.

Counsel for State have called our attention to Code 1858, section 1554, and to chapter 138 of the Acts of 1871; section 7 providing: "That when the plea of present insanity is urged in behalf of any person charged with a criminal offense punishable by imprisonment or death, the court shall charge the jury that if from the evidence they believe the defendant to be insane, and

that it would endanger the peace of the community to set him at liberty, they shall so find." The statute then proceeds to provide that in case a defendant is found to be insane upon such inquiry that he shall be committed to the hospital for insane until he shall have recovered, when he shall again be delivered to the authorities of the State to be tried for the offense of which he is charged.

It is suggested that the rule to be observed in such inquiries is here fixed by statute. We do not think that such was the intention of the general assembly, because these provisions are found in chapters of the Code and acts concerning the government of the hospitals for the insane in this State, and the sections referred to were only intended to provide for the admission of parties charged with crime who were found to. be insane and for that reason should not be tried. However, the language of these sections shows a legislative recognition that only a preponderance of evidence is necessary to determine the issue of sanity in such proceedings, as well as that the trial should be had by jury, as the law in such proceedings.

While the insanity of the defendant prevents him from being required to plead, be tried, sentenced, or punished, if existing at the time of such proceedings, yet he is not to be discharged, but kept in custody under proper orders of the court until it shall be ascertained that he has recovered from his infirmity, when the trial shall be had, judgment entered, or sentence executed. The statutes referred to only provide for the detention

of defendants in certain cases in the hospital for the insane.

We think the charge of the trial judge upon the weight of evidence to control the jury in trying the issue of present insanity was in all things correct, and that there was no error in his refusing the request presented for the defendant.

The issue of present insanity was presented and tried in all respects in accordance with the correct practice in such cases. The plea contained the proper averments, was verified by the oath of a friend of the defendant, and filed before trial upon the indictment. *Green* v. *State,* 88 Tenn., 634, 14 S. W., 489.

The issue thus made was submitted to a jury specially impaneled to try it. *Firby* v. *State,* 3 Baxt., 358.

In *Bonds* v. *State,* Mart. & Y., 143, 17 Am. Dec., 795, the trial judge disposed of a plea of present insanity after trial and verdict of guilty; but, where there is any possible doubt upon the question of sanity, we think that in the trial court the issue should be submitted to a jury.

In this court, however, where it is made to appear to the court that the plaintiff in error is probably insane and should not be tried, or judgment against him executed, the court will investigate and determine the question of sanity without a jury, and make such order as the dictates of humanity and the law require in the postponement of trial or judgment. *Bonds* v. *State,* Mart. & Y., 143, 17 Am. Dec., 795; *Green* v. *State,* 88 Tenn., 635, 14 S. W., 489.

Jordan v. State.

The assignments of error in regard to matters arising upon the second trial have been considered and overruled in the memorandum opinion also filed.

There is no error in the record, and the judgment is in all things affirmed.