## Commonwealth v. Smith and Davidson.

(Decided January 20, 1925.)

## Appeal from Perry Circuit Court.

1. Weapons—To Constitute Offense of Firing Deadly Weapon on Highway, it is Sufficient if Highway be One by Prescription.— Under Kentucky Statutes, section 1308, declaring it misdemeanor to fire deadly weapon on pubic highway, except in defense of self or property, it is not necessary that highway shall have been es‑ tablished by order of court, but sufficient if it was acquired by prescription.

2. Weapons—Evidence Held to Show Road a Public "Highway" Within Statute Prohibiting Firing of Deadly Weapons Thereon.— Evidence that well defined road in front of store had been used generally by public for more than 20 years held to show it a "highway," within Kentucky Statutes, section 1308, making it misdemeanor to fire deadly weapon on public highway, except in defense of self or property.

3. Weapons—One Shooting Across Highway is as Guilty of Firing on Highway as One who Stands on Highway when Shooting.— The purpose of Kentucky Statutes, section 1308, making it mis‑ demeanor to fire a deadly weapon on highway, except in defense of self or property, being to protect those using highway, one shooting across road is as guilty as one who stands on highway and shoots.

4. Homicide—Submission of Issue of Defendant Officer's Right to Make Arrest, During Making of which Killing Occurred, Held Proper.—In prosecution of sheriff and deputy for murder com‑ mitted in making arrest of one for firing deadly weapon on high‑ way court's submission of issue as to defendant's right to make such arrest, under Criminal Code of Practice, section 36, authoriz‑ ing arrest for public offense committed in officer's presence, held proper.

5. Homicide—Dying Declarations of Deceased Only are Admissible, and Not Declarations of Witness to Homicide.—In prosecution for homicide, dying declarations of deceased only are admissible, and not those of witness to homicide, though he was a party to and killed in the controversy resulting in the homicide.

FRANK E. DAUGHERTY, Attorney General, and C. W. NAPIER, Commonwealth's Attorney, for appellant.

MORGAN, EVERSOLE & BOWLING, T. E. MOORE, JR., and J. B. HOGE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Certifying the law.

John Smith and Taylor Davidson were indicted for the murder of Lester Hayes, and the jury disagreed.

The Commonwealth has appealed for the purpose of having the law certified.

The facts are these: On the evening of December 24th, 1923, John Smith, a deputy sheriff of Perry county, and Taylor Davidson and James Witt, whom he had summoned to assist him, were engaged in searching for a man by the name of Inman Philipps, who had shot and killed William Smith, a deputy sheriff, and went to Karles, a mining village about two miles east of Hazard, on the Louisville & Nashville railroad. At that time the inhabitants were celebrating Christmas Eve by shooting large fire crackers, pistols and guns up and down the railroad track, which runs through the center of the town. Jerry Dunn and a man by the name of Hayes conducted a store located about sixty feet from the railroad track. As Smith and his companion approached the store, Jerry Dunn, and perhaps one or two other persons, came out of the store, and Dunn fired his pistol several times into the ground close to his own feet. He and those with him then went back into the store, where several persons were engaged in talking. Smith then summoned Davidson and Witt to assist him in arresting the parties, and Smith and Davidson went to the door of the store. Smith said, "Consider yourselves under arrest, and keep your hands down." At that time Dunn, who had his pistol in his hand, raised his hand, and the evidence is conflicting as to whether he, Smith or Davidson fired the first shot. Smith fired once, and Dunn and Davidson several times. Lester Hayes, Dunn and a man by the name of Matthews were killed, and John Davis was wounded.

It is first insisted that the officers had no right to arrest Jerry Dunn, and that the court erred in submitting this question to the jury. The basis of this contention is that the evidence failed to show that the highway had been established by order of court, or by prescription, or that Dunn was on the highway when he fired his pistol. Under our Code, a peace officer may make an arrest without a warrant when a public offense is committed in his presence, Criminal Code, section 36, and may summon as many persons as he deems necessary to aid in making the arrest. Criminal Code, section 41. The statute makes it a misdemeanor to fire a deadly weapon except in self-defense, or defense of property, "on a public highway, or at any school assembly, place of public wor-

ship, or business.'' It is not necessary that the highway shall have been established by order of the county court, but sufficient if it was acquired by prescription. Commonwealth v. Terry, 27 Ky. Law Rep. 684, 86 S. W. 519.

The uncontradicted evidence shows that in front of the store was a well defined road which had been used generally by the public for a period of more than twenty years, and there can be no doubt that this was sufficient to show that it was a public highway within the meaning of the statute. Whether Dunn was actually standing in the highway when he fired the shots does not clearly appear, and it is not material under the evidence. Palace Davis, one of the witnesses for the Commonwealth, says that while Dunn shot into the ground, ''he shot out across the road.'' As the purpose of the statute is to protect those using the highway, there can be no doubt that one who stands right by the highway and fires across the highway is just as guilty as he who stands on the highway and fires. It follows that the court did not err in instructing the jury on the right of the accused to arrest Dunn and to use force in overcoming his forcible resistance to arrest.

Another contention is that the court erred in excluding the dying declaration of Dunn. It is settled by a long line of decisions that dying declarations are admissible only in those criminal cases where the death of the deceased is the subject of the charge, and that the dying declaration of a witness to a homicide is not admissible although he was a party to the controversy resulting in the homicide. 1 R. C. L., p. 541, and Philipps on Evidence, p. 233; Davis v. Commonwealth, 95 Ky. 19, 23 S. W. 585, 44 A. S. R. 210; Poteete v. State, 9 Baxt. (Tenn.) 261, 40 Am. Rep. 90. Here the accused were indicted for the murder of Lester Hayes, and not for the murder of Dunn. That being true, Dunn stood on the plane of any other witness, and his dying statement was not admissible, although he was killed in the same difficulty.

The further point is made that the court did not give all the law of the case. However, our attention has not been called to any omission on the part of the court, and a careful consideration of the instructions convinces us that they cover every question that should be submitted to the jury.

Wherefore, this opinion is certified as the law of the case.