## Hansel v. Commonwealth.
### (Decided June 18, 1935.)

C. R. LUKER for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Charley Hansel appeals from a judgment of five years' imprisonment upon conviction of carnally knowing a female under sixteen years of age. Section 1155, Ky. Stats., as amended by Acts 1930, c. 18.

The record discloses that the girl, a few days after her sixteenth birthday, in April, 1934, gave birth to a child. A doctor was not called until a week or more later, and he found her suffering with puerperal septicemia or, in the vernacular, bed fever arising from child birth.

To her father and other witnesses, the girl stated that she was going to die and that Charley Hansel was the cause of it. She also said to her father, under a sense of impending death, that the child "belonged to Charley Hansel and that no other man knowed of her but him, but that he would deny it." The mother testified the defendant had called three times to see her daughter as his sweetheart.

The defendant, a widower, whose age is only indirectly shown to be over twenty-one years, denied having more than a casual acquaintance with the girl. He denied having gone to see her and having had carnal knowledge of her. By himself and other witnesses, he proved, or undertook to prove, that from June 22d until some time in October, 1933 (during which the child was conceived), he was not in the community except on August 6th, when he came home to vote, and then that he immediately went back to his work, some twenty miles away.

The statements of the girl were admitted over the vigorous objections of the defendant. At the close of the evidence, the court withdrew from the consideration of the jury the testimony that she said she was going to die and that the accused was the cause of it. He admonished the jury as to the charge upon which the defendant was being tried, and directed that the fact that a child had been born to the girl was not to be regarded, except in so far as it tended to prove that she had had intercourse with the defendant, if in the jury's judgment it did so; that the gist of the prosecution was not the birth of the child, but the fact that the defendant had had intercourse with her.

At early common law, dying declarations were admitted in all cases, civil and criminal. It was later held that they should be received only in prosecutions for homicide, and then only where the death of the declarant was the subject of the charge and the circumstances of the death were the subject of the declaration. This rule has been observed in this country practically from the beginning. 1 Greenfield, Evidence (16th Ed.) sec. 156 A; 16 C. J. 640; 22 C. J. 258; Underhill, Criminal Evidence, sec. 175; Clark v. State, 114 Neb. 818, 211 N. W. 16, 49 A. L. R. 1280; McCredie v. Commercial Casualty Ins. Co., 142 Or. 229, 20 P.

(2d) 232, 91 A. L. R. 557. Mr. Wigmore criticizes the limitations of the rule, indicts it as heresy, and maintains that the restrictions should be abolished by statute. 3 Wigmore, Evidence, sec. 1436. It has been said that a few courts have taken the same view and held that the statements were admissible in cases where the act, though not charged to have been committed with the purpose or intent to kill, did result in the alleged victim's death and so rendered his testimony as an ordinary witness unavailable, the principal example being in death resulting from criminal abortion. In Dorroh v. Commonwealth, 236 Ky. 68, 32 S. W. (2d) 550, a dying declaration was held competent on the trial of a doctor charged with murder as the result of performing an illegal operation to produce an abortion. But the appellant before us was not charged with killing the girl. While the same necessity which admits dying declarations in homicide cases in derogation of the general rule of evidence, that is, in order to prevent murder from going unpunished, is present in this sort of case, it is too well imbedded in the law of evidence that they are admissible only when they relate to facts concerning the manner and circumstances of the homicide, and when made by the deceased whose death is the subject of the inquiry, to authorize an extension of the rule. Roberson's Criminal Law, secs. 461, 462; Mitchell v. Commonwealth, 14 S. W. 489, 12 Ky. Law Rep. 458; Davis v. Commonwealth, 95 Ky. 19, 23 S. W. 585, 15 Ky. Law Rep. 396, 44 Am. St. Rep. 201; Stevens v. Commonwealth, 221 Ky. 222, 298 S. W. 678; Stewart v. Commonwealth, 235 Ky. 670, 32 S. W. (2d) 29.

The court should have excluded not only the statements of the deceased as to the defendant having caused her death, but likewise have excluded entirely her statement that he was the only man who had carnally known her, and was the father of the child. It is apparent that, with this excluded, the evidence was not sufficient to take the case to the jury, and the court should have directed a verdict of acquittal.

Judgment reversed.

Whole court sitting.