## Prudential Ins. Co. of America v. Keeling's Adm'x.

(Decided Jan. 18, 1938.)

WHEELER & SHELBOURNE for appellant.

ROBERT L. MYRE and H. G. BRYAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

In 1922, the Prudential Insurance Company of America, hereinafter called the company, issued to Bird Keeling, a policy insuring his life in the sum of $330. The policy also provided for double indemnity in the event of the death of the insured as a result of bodily injuries sustained solely through external, violent, and accidental means.

On December 30, 1933, the insured was shot by Freeman Clapp and died on the following day as a result of the gunshot wounds. On January 1, 1934, Nellie Keeling, the widow of insured, made proof which contained a certificate of a physician setting forth the facts and cause of death of insured and wherein in reply to the question, "Was death due to accident?" the answer was, "No—murder."

On January 2, a check for the amount of the face of the policy with certain dividend accumulations was delivered to the widow of insured under a facility of payment clause contained in the policy. Thereafter Nellie Keeling, the widow of insured, was appointed and duly qualified as his administratrix and on May 1, 1936, instituted this action against the company seeking to recover the sum of $330 due under the double indemnity provision of the policy, alleging that the death of her decedent was due to accident through external, violent, and accidental means by being shot and killed by Freeman Clapp.

The company made a general denial of the allegations of the petition and affirmatively set up certain defenses which are unnecessary to enumerate and which were controverted by reply. Trial by jury resulted in

a verdict and judgment for plaintiff in the amount sued for and the company has filed a copy of the judgment and record and entered a motion for appeal.

Grounds relied on for reversal in substance are: (1) That the court erred in not sustaining appellant's motion for a directed verdict in its favor; (2) in the admission of incompetent evidence over appellant's objections; (3) that the verdict is flagrantly against and is not sustained by the evidence; and (4) that instructions given are erroneous.

Briefly stated, the facts are that the mother of Bird Keeling owned a three-room house at Hardmoney, some miles out from the city of Paducah, one room of which she let to Freeman Clapp and his wife and she occupied the other two rooms as a residence. At the time of the difficulty resulting in the death of Bird Keeling, she was at his home and was confined to bed by illness. There is evidence that she or her daughters had requested Keeling to go to her home at Hardmoney and procure a feather bed for her. There is also evidence that Keeling and Freeman Clapp had been having some controversy over the matter of rent due; that the day prior to the shooting, Keeling had grabbed and searched Clapp in Paducah, and had made threats against him; that on the day of the difficulty both parties were again in Paducah and Keeling was making inquiries about Freeman Clapp. Upon hearing of this the latter asked permission to ride home with a neighbor, stating that he wanted to avoid any trouble. Shortly after Clapp arrived at his home and by the time the neighbor who lived 200 or 300 yards away had driven to his home and gotten out of his automobile, Keeling drove up to the home of his mother and was seen by this neighbor to go up on the porch and out of sight on the opposite side of the house and shortly thereafter shots were heard and this neighbor and others immediately went to the scene where they found Keeling wounded and later took him to the hospital at Paducah where he died. There were no witnesses to the difficulty except the participants.

Without going into detail, the evidence of Freeman Clapp is to the effect that when Keeling arrived he began making threats, forced himself into the room, ap-

proached in a threatening manner, and made a motion as if to draw a weapon; that he shot to defend himself from the attack.

Over the objections of appellant a number of witnesses were permitted to testify as to statements made by Keeling after he had been taken to the hospital in which he detailed how the difficulty occurred, his statements being to the effect that he went to his mother's home to procure a feather bed not knowing that Freeman Clapp was there, since he knew that he was in Paducah a short time before; that unexpectedly to him he was shot through a crack or hole in the door. Apart from this evidence and some evidence as to physical conditions in and around the home of Mrs. Keeling observed by witnesses, there is nothing to contradict the evidence of Freeman Clapp. Apparently, the statements of Bird Keeling concerning the difficulty as testified to by witnesses were admitted as a dying declaration and it is argued by counsel for the company that dying declarations are not competent or admissible in civil cases. The prevailing rule in this state is that dying declarations are not admissible in civil cases, exception being made, however, if a statement be a part of the res gestæ or against interest. Bronn's Adm'r v. Louisville, C. & L. R. Co., 7 Ky. Law Rep. 96; Hansel v. Commonwealth, 260 Ky. 148, 84 S. W. (2d) 68; Reed v. Philpot's Adm'r, 235 Ky. 429, 31 S. W. (2d) 709, 711. In the latter case the rule is stated thus:

"As a general rule declarations of a deceased person, whose death is the subject-matter of the civil action, as to the facts or circumstances attending his fatal injury, are not admissible; but when the statement of fact is a part of the res gestæ or, as here, is against interest, it is admissible as substantive evidence against those in privity with him."

It is therefore manifest that the court erred in admitting evidence concerning statements by Bird Keeling as to how the shooting occurred and, with this evidence omitted, little indeed would be left to meet the burden imposed upon the administratrix of proving that the death of her husband was due solely to injuries sustained by accidental means. Since the judgment must be reversed because of the admission of evidence above

referred to, it will be unnecessary to consider other grounds challenging the weight or competency of the evidence.

Instruction No. 1 given by the court and which it is claimed is erroneous is in substance and effect the same as an instruction which it was said should have been given in somewhat similar circumstances in the case of Campbell v. Fidelity & Casualty Company of New York, 109 Ky. 661, 60 S. W. 492, 498, 22 Ky. Law Rep. 1295. No complaint is made of the other instruction.

For the reasons indicated the motion for appeal is sustained, the judgment reversed, and the cause remanded for a new trial and proceedings in conformity with this opinion.