Ross *v.* STATE.

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

Ross & Ross, of Savannah, and JOE C. DAVIS, of Lexington, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an appeal from a conviction of voluntary manslaughter for the homicide of one Perry England. The plaintiff in error, who will later be referred to as the defendant, complains of error by the trial judge in refusing to grant a continuance on the ground that he was at the time not in a mental condition to testify. The foregoing seems to be the principal ground for a reversal of the case.

When the case was called for trial in the lower court the counsel for the defendant asked for a continuance to the next term of court, because of defendant's mental and physical condition. In support of this motion certain affidavits were presented to the trial court, the substance of which was that the defendant was not able to go to trial because of his mental and physical condition. The medical testimony of competent medical experts, as shown by affidavits of Dr. R. L. Wylie, Dr. Will T. Fitts and others to the effect: "His blood pressure is 210/100. In addition he is suffering wth severe diabetes mellitus with a urinalysis of four plus sugar.

"It would be impossible for him to leave his sick bed and attend Court at the very least for several days without greatly jeopardizing his life."

The State's counsel concedes that the medical reports show *"that the plaintiff in error was senile and in such physical condition that he undoubtedly was incapable of conferring and advising intelligently with his counsel."* (Emphasis ours.) The defendant is seventy-six (76) years of age and was confined at the time of the trial in the Western Hospital for the Insane at Bolivar. The record discloses without doubt that his condition will

become progressively worse. This is conceded on the State's brief.

We do not think the judgment of the trial court should be executed, but should be postponed upon the authority of *Jordon* v. *State*, 124 Tenn. 81, 135 S. W. 327, 329, 34 L. R. A., N. S., 1115. It was there held:

"In *Bonds* v. *State*, Mart. & Y. 143, 17 Am. Dec. 795, the trial judge disposed of a plea of present insanity after trial and verdict of guilty; but, where there is any possible doubt upon the question of sanity, we think that in the trial court the issue should be submitted to a jury.

"In this court, however, where it is made to appear to the court that the plaintiff in error is probably insane and should not be tried, or judgment against him executed, the court will investigate and determine the question of sanity without a jury, and make such order as the dictates of humanity and the law require in the postponement of trial or judgment. *Bonds* v. *State*, Mart. & Y. 143, 17 Am. Dec. 795; *Green* v. *State*, 88 Tenn. [634] 635, 14 S. W. 489."

It is the well considered judgment of the Court that the defendant be committed to the Western Hospital for the Insane at Bolivar and held until such time as a competent psychiatrist may certify to the Court that he is mentally competent to advise his counsel and testify in his own behalf. When such certificate is filed with the Court we will then consider whether or not the judgment should be executed or a new trial granted.