EMANUEL ANDERSON, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

383 S.W.2d 763.

(*Nashville,* December Term, 1963.)

Opinion filed November 19, 1964.

## SUPPLEMENTAL OPINION *

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error, Emanuel Anderson, was convicted in the Criminal Court of Shelby County, Tennessee, for murder in the first degree and sentenced to death by electrocution. From this conviction an appeal was duly prayed and perfected.

The appeal came on to be heard at the December, 1937 Term of this Court, when an order was entered in Minute Book 39, page 114, in which it was recited that the matter was considered upon a transcript of the record from said trial court and brief on behalf of the State. Upon consideration of which the Court entered an order,

"* * * on authority of *Green v. State,* 88 Tenn. 634, 14 S.W. 489, that the defendant be placed in the custody of the Warden of the penitentiary at Nashville, instanter, and be there held for a sufficient length of time to enable Dr. W. S. Farmer, Superintendent of the Central Hospital, to made an examination and observe the conduct of the defendant for the purpose of determining whether he is sane or insane."

Pursuant to that order the plaintiff in error was so transferred and has since remained in the Maximum Security Unit of Central State Hospital.

Under date of December 8, 1939, the medical staff of the Central State Hospital and the Home for the Criminally Insane, were of the unanimous opinion that Anderson "continues to be medically Insane, although it is also our opinion that he shows some improvement."

Under date of September 16, 1964, the Acting Director of the said Maximum Security Unit of Central State

---

* Original opinion not published.

Hospital addressed a letter to the Chief Justice, which has been made a part of the record in this case, in which he set forth that because of his (Anderson's) "chronic illness, that patient will never recover and it is felt that he could get along in a regular psychiatric hospital environment with proper care and treatment as he is not considered dangerous. Consequently, we request, if possible, that the old charge placed against this man twenty-six (26) years ago be dismissed * * *.''

The holding in *Green v. State,* supra, has been approved in *Jordan v. State,* 124 Tenn. 81, 135 S.W. 327, 34 L.R.A., N.S., 1115 (1910), which case held:

"In this court, however, where it is made to appear to the court that the plaintiff in error is probably insane and should not be tried, or judgment against him executed, the court will investigate and determine the question of sanity without a jury, and make such order as the dictates of humanity and the law require in the postponement of trial or judgment." 124 Tenn. at 91, 135 S.W. at 330.

In *Ross v. State,* 196 Tenn. 250, 265 S.W.2d 553 (1954), the holding in *Jordan v. State* was approved. To the same effect is the holding in *Cogburn v. State,* 198 Tenn. 431, 281 S.W.2d 38 (1955).

The aforesaid order entered in 1937, upon authority of *Green v. State,* supra, has been approved by the prior and subsequent holdings as aforesaid.

Therefore, in view of the prisoner's present medical and mental condition as evidenced by the aforesaid report, which has been filed and made a part of the record in this case, and in accordance with established law of this State, we recommend that the Governor of the State

commute his punishment to imprisonment for life, after which, in the mode prescribed by law, he may be transferred from one State institution to another as is proper for such treatment as his condition may require from time to time under the general authority of the Commissioner of Corrections.

An appropriate order will be entered.