**Richard DANDRIDGE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 18, 1977.

Certiorari Denied by Supreme Court
June 13, 1977.

Edward G. Thompson, Memphis, for appellant.

Brooks McLemore, Atty. Gen., Henry E. Hildebrand, III, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Jerry Harris, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

GALBREATH, Judge.

Richard Dandridge appeals from his conviction in the Shelby County Criminal Court for receiving stolen property over the value of $100 and contends that the evidence does not support the verdict and the sentence of three years in the penitentiary. The appellant was found at the Memphis home of his mother in possession of the 1973 Buick automobile which was stolen from its recent purchaser's fiancee. The appellant admitted attempting to register the car in Mississippi under the alias of Charles Upchurch. The defendant did not testify but the jury rejected his explanation of possession given police in a statement introduced as evidence to the effect that an unnamed man had loaned him the car with the request that he have it falsely registered. The assignment complaining about the sufficiency of the evidence cannot be sustained under the applicable standards for review by this Court. See *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173; *Tackett v. State*, 223 Tenn. 176, 443 S.W.2d 450 (1969).

We also reject an assignment complaining of testimony by an investigating policeman that he had known the defendant as Charles Upchurch, the name used in registering the stolen automobile in the adjoining state. We fail to see how, as contended on behalf of the defendant on motion for mistrial, that this violated the rule against proof of unrelated criminal conduct, held inadmissible by our Supreme Court in numerous decisions. See *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (1963).

The testimony complained of tended to link the defendant directly with the offense for which he was being tried. This made it competent, even if the jury might infer from his use of a false name that the defendant had, in the past, engaged in illegal activity. Such evidence, even if it tends to prove other criminal acts, is admissible under two of the exceptions to the rule against such evidence: (1) it was admissible to show the scheme or design to deprive the owner of his automobile, and (2) it tended to establish the identity of the person known as Charles Upchurch as being the same person known as Richard Dandridge. In shedding light on the identity of Upchurch as Dandridge the evidence tended to do more than imply the guilt of the accused, it helped the jury pierce the veil of secrecy surrounding the person who had held himself out as someone other than the accused himself.

Finally, we overrule an assignment directed to an alleged failure on the part of the trial court to have carried out an agreed pretrial order, entered on the minutes, directing that two unnamed physicians examine the defendant and report to the court as to his mental competency to stand trial.

The record is silent as to whether the examination was made and report filed with the court. No issue was raised either at trial or on motion for new trial touching on the defendant's mental competency. We cannot hold a trial judge in error when nothing appears in the record suggesting that an erroneous judgment was made or action taken. Rule 14(4), Rules of the Supreme Court.

If the defendant is mentally incompetent, he is, even at this late date, subject to be cared for as an insane person rather than a convicted felon. *Green v. State*, 88 Tenn. 634, 14 S.W. 489 (1890). At this point the problem addresses itself to the Department of Corrections and the mental health custodial facilities provided by the State for inmates with mental diseases. On the face of a silent record we cannot presume other than mental competency.

Affirmed.

RUSSELL and DAUGHTREY, JJ., concur.