## PAYNE *v.* SATTERFIELD.

### (*Nashville.* December Term, 1904.)

1. **APPEAL.** Does not lie until final decision.

   It is a well-settled rule, save where changed by statute, that questions arising in the course of legal proceedings cannot be reviewed in an appellate court until a final decision in the cause has been rendered in the court below.

   Cases cited: Evans v. Shields, 3 Head, 71; Kendall v. Lassiter, 68 Ala., 181; Lester v. Berkowitz, 125 Ill., 307, 17 N. E., 706; Pistor v. Hatfield, 46 N. Y., 249; Luxton v. North River Bridge Co., 147 U. S., 337.

2. **SAME.** By statute, allowed before final decision only in equity cases.

   The appeal allowed before final decree by statute (Code, sec. 4889 (S.)) is confined to equity cases, tried either in the circuit or chancery court, and cannot be granted in a case involving no equitable principle.

   Code cited and construed: Secs. 4887, 4888, 4889 (S.); secs. 3872, 3873, 3874 (M. & V.); secs. 3155, 3156, 3157 (T. & S. and 1858).

3. **SAME.** Case where premature.

   An action to recover damages for deceit alleged to have been practiced in the sale and purchase of real estate does not fall within the provisions of the Code cited in headnote above, numbered 2, and in such case an appeal in the nature of a writ of error will not lie from the action of the trial judge in sustaining one ground of demurrer d rected to only a part of plaintiff's claim and not to the whole declaration, and overruling other grounds of the demurrer to the whole declaration.

Payne v. Satterfield.

FROM SUMNER.

Appeal in the nature of a writ of error from the Circuit Court of Sumner county.—B. D. BELL, Judge.

W. W. PARDUE and SEAY & SEAY, for Payne.

W. A. GUILD, for Satterfield.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The plaintiff in error sued the defendant in error to recover damages for the deceit alleged to have been practiced by the latter upon the former in the purchase of certain real estate. To the original and amended declarations seven grounds of demurrer were alleged, all of which were overruled except the fourth ground, which was directed to that part of the declaration which sought a recovery for attorney fees incurred by the plaintiff in error in a certain action instituted by a third party against him, seeking to recover commission as real estate agent in and about the sale of the land, with regard to which it is alleged in the declaration the deceit was practiced by the defendant in error. In other words, that ground of demurrer was directed to only a part of the claim of the plaintiff, and not to the whole of his declaration. Both parties, being dissatisfied with the action of the trial judge in disposing of the demurrer, prayed

and were granted an appeal in the nature of a writ of error. The record thus presents the question of prematurity in the granting of the appeal.

It is a well-settled rule, save where changed by statute, that questions arising in a course of legal proceedings cannot be reviewed in an appellate court until a final decision in the cause has been rendered below. *Evans* v. *Shields*, 3 Head, 71; *Kendall* v. *Lassiter*, 68 Ala., 181; *Lester* v. *Berkowitz*, 125 Ill., 307, 17 N. E., 706; *Pistor* v. *Hatfield*, 46 N. Y., 249; *Luxton* v. *North River Bridge Co.*, 147 U. S., 337, 13 Sup. Ct., 356, 37 L. Ed., 194. This rule was designed to avoid the delay and confusion arising from multiplied and successive appeals from interlocutory decisions on matters arising in the progress of the cause before final judgment. It is insisted, however, that there is to be found in section 4889 of Shannon's Code a provision which modifies this rule, so as to remove the objection that the present appeal is premature. That section is as follows: "The chancellor or circuit judge may in his discretion allow an appeal from his decree in equity causes, determining the principle involved and rendering an account for a sale or partition before the account is taken or the sale or partition is made; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right although the case may not be disposed of as to others."

This section is part of article 7 of chapter 14, which is entitled by Mr. Shannon, in his edition of the Code, "Ap-

peal from the Circuit and Chancery Court in Equity Cases." Section 4887 of that article provides that either party dissatisfied with the judgment or decree of the circuit or chancery court in a matter of equity, tried according to the forms of the chancery court, may on appeal have a re-examination in the supreme court of the whole matter of law and fact appearing in the record. Section 4888 provides for the trial, upon a demand of either party, of issues of fact in the chancery court. Then follows section 4889, which has just been quoted. We think that the appeal allowed before a final decree provided for in this section is by its terms and by its location in the Code necessarily confined to equity cases tried either in the circuit or chancery court, and that such a case as is the present, involving no equitable principle, is not within the provision of the section, and that the parties thereto are not entitled to its benefit.

In the case at bar there has been no final decision. The court below has determined that one of the claims set up by the plaintiff is not maintainable at law, but has overruled all the other grounds of demurrer, and has thus put the defendant to the necessity of pleading to all the other parts of the declaration. As to these parts the trial judge has held that they alleged good causes of action, with regard to which the plaintiff is entitled to a trial at law.

The case is therefore dismissed from the docket because of the prematurity of the appeal, and it is remanded to the circuit court for further action.