## The People, ex rel. R. R. Pate, Appellant, v. Arnold Saxer, Appellee.

APPEALS AND ERRORS—*what not final judgment.* An order sustaining a demurrer to an information not accompanied by a dismissal of the action is not final and therefore not subject to appeal or review.

*Quo warranto.* Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the August term, 1908. Appeal dismissed. Opinion filed March 4, 1909.

JUNE C. SMITH, for appellant.

W. F. BUNDY and FRANK F. NOLEMAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an information in the nature of a *quo warranto,* filed in the Circuit Court of Marion county at the April term, 1906, in the name of the People of the State of Illinois, on the relation of R. R. Pate, to test the validity of a dram-shop license, issued by the city of Centralia to appellee.

The information stated that appellee had for sixty days and more preceding the filing thereof, claimed and attempted to exercise the right to keep a dram-shop, under a license issued to him by the mayor and city council of said city of Centralia, contrary to the ordinance of said city and the statute in such case made and provided. A plea was filed by appellee setting out the license issued to him and the ordinance of the city in pursuance of which it was issued and alleging that he had filed his petition accompanied by a bond according to law and the ordinance of said city, with the city council; that said bond had been properly approved, a dram-shop license issued and the fee therefor paid, and referring to the several ordinances under which the proceedings were had, which ordinances were at-

tached to the information and made a part thereof. To this. plea appellee filed a special demurrer which was, upon hearing, overruled by the court and the following order entered:

"July 1st, 1908, And now on this day comes the state's attorney, June C. Smith, and files herein his petition for leave to file information, and the court being fully advised in the premises grants the prayer of the petition and it is ordered that information be filed and process issue, returnable July 20th, 1908, and now on this day comes the defendant by his counsel and moves the court to dismiss the information for want of petition, and the court after hearing the argument of counsel and being fully informed, denies the motion, whereupon the defendant excepts; Whereupon comes the defendant and files herein his plea, and thereupon comes the state's attorney and files herein his demurrer to the defendant's plea, and the court after hearing the argument of counsel overrules the demurrer, to which ruling of the court the plaintiff excepts and elects to stand by the demurrer and prays an appeal to the Appellate Court within and for the 4th district of the State of Illinois, which appeal is granted."

It is to be observed that there is no final judgment entered in this case, that an appeal was attempted to be taken from an order of the court below, overruling a demurrer to a plea. It is said by counsel for appellant in his brief, that the case was dismissed and the additional abstract filed by him states that page 15 of the record shows among other things "suit dismissed." An examination of the page of the record above referred to, however, shows only the order above set out and neither on that page nor at any other place in the record is it shown that the suit was dismissed. Section 91 of our Practice Act provides for appeals to review only final judgments, orders or decrees of the trial courts..

The order overruling the demurrer was not an appealable order; and there is therefore nothing presented which this court can consider and the appeal

must be dismissed. Gage v. Chapman, 56 Ill. 311; Gage v. Rohrbach, *ib.* 262; People v. Board of Education, 236 Ill. 154.

*Appeal dismissed.*