## Joe Homolko v. The State.*

### (*Nashville.* December Term, 1926.)

Opinion filed June 11, 1927.

1. **CRIMINAL LAW. Liquor. Unlawful seizure. Restitution.**

The action of the trial court, restoring or refusing to return beverages unlawfully seized, is reviewable only on an appeal from a judgment of conviction, and not where the prosecution is abandoned. (Post, p. 469.)

Citing: Acts 1909, ch. 14; Acts 1917, ch. 3, sec. 3; Acts 1923, ch. 29; Shannon's Code, sec. 7309; U. S. v. Desey, 284 Fed., 724; Connelly v. U. S., 275 Fed., 509.

Citing and distinguishing: Sec. 802-b, sub-sec. 1, N. Y. Code, Crim. Procedure.

2. **SAME. Same. Same. Evidence.**

The right to demand the return of illegally seized property by petition or motion in a criminal case, looking to its exclusion as evidence, is an incident of the trial upon an indictment, not reviewable except upon appeal after final judgment. (Post, p. 470-1.)

Citing: Hughes v. State, 145 Tenn., 544; Amos v. U. S., 145 U. S., 594; Weeks v. U. S., L. R. A., 1915B, 834.

3. **SAME. Same. Same. Same.**

The proceeding by the State for forfeiture of liquor and the assertion by the citizen of the right to its possession, is independent of the proceeding to suppress evidence illegally seized by officers of the government. (Post, p. 470.)

Citing: U. S. v. Marquette, 270 Fed., 214; Bass v. State, 153 Tenn., 174.

4. **SAME. Nolle Prosequi. Appeal.**

No appeal lies from a nolle prosequi. Antecedent interlocutory orders and attendant procedure cannot be reviewed on appeal. (Post, p. 471.)

---

*Headnotes 1. Criminal Law, 17 C. J., section 3297 (Anno); 2. Intoxicating Liquors, 33 C. J., section 394 (Anno); 3. Criminal Law,

17 C. J., section 3297 (Anno); 4.  Criminal Law, 17 C. J., section 3285; 5. Criminal Law, 17 C. J., section 3285; 6. Intoxicating Liquors, 33 C. J., section 388 (Anno).

---

FROM SHELBY.

---

Appeal from Criminal Court of Shelby County.—HON. T. W. HARSH, Judge.

JERE HORNE, for Homolko.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

The appellant was charged in an indictment of four counts with violations of the liquor laws by, (1) receiving, (2) possessing, (3) transporting, and (4) manufacturing intoxicating liquor.

The evidence was obtained by officers through an illegal search of the premises occupied by the appellant. After indictment the accused filed a petition alleging that the seizure of beverages found on the premises was illegal and asked for its return.

When the cause was called for trial upon the indictment, the District Attorney announced that the seizure was unlawful, because the search warrant was void. Having no other evidence a *nolle prosequi* was entered, thus ending the criminal prosecution. The accused then moved for an order on the Sheriff to return the beverages illegally seized. The State resisted the order and introduced deputy Sheriff Friddle who testified that on May 14, 1926, he entered the premises of Homolko and found

near his residence, stored in a pit, fifteen hundred bottles of home brew, six barrels and two part barrels of wine, and one hundred twenty gallons of mash, which he seized and delivered to the custody of the Sheriff. He said that on April 20, 1926, he found on the same premises two thousand quarts of home brew in bottles, and three hundred gallons in crocks.

The trial judge refused to order restoration of the beverages, and an appeal was prayed and granted, and through assignments of error it is urged that the trial judge erroneously refused to order the beverages returned.

There is no evidence that appellant received the beverages from a common or other carrier in violation of Chapter 12, Acts of 1917. It was malt and vinous beverages which under the proviso of Chapter 29, Acts of 1923, amending Chapter 14, Acts of 1909, may be lawfully manufactured for personal use. No statute by express terms authorizes the confiscation and destruction of intoxicating beverages. Chapter 3, Acts of 1917, authorizes the seizure of intoxicating liquors kept for sale, and upon conviction under the Act, Section 3 provides that the judgment shall include an order directing the Sheriff to destroy the liquor.

The Federal Statute declares a forfeiture of contraband liquor, but the Federal Courts generally hold that they are without power to order seized beverages destroyed where the person charged was acquitted, or the prosecution abandoned; and such a one claiming liquor illegally seized and removed from his residence, will not be compelled to affirmatively show that such liquors were lawfully acquired. *United States* v. *Desey,* 284 Fed., 724; *Connelly* v. *United States,* 275 Fed. 509.

Under the New York Prohibition Enforcement Act officers were authorized to seize liquor but the seizure raised a justiciable question to be determined in a proceeding *in rem* under Section 802-b, sub-div. 1, Code of Criminal Procedure. In this proceeding the claimant, insisting that the seizure was unlawful, or the State insisting that the liquor was contraband, could have the judgment of the inferior court reviewed on appeal.

Under the Volstead Act and the New York Statute, the proceeding for forfeiture of the liquor was independent of the criminal prosecution and bears no relation to the procedure in the Federal and some of the State courts designed to suppress evidence obtained through unlawful search or seizure.

The right to demand the return of illegally seized evidence by petition or motion in a criminal case, is an incident of the trial upon the indictment. It is a step in the procedure in the criminal case looking to the exclusion of evidence obtained by officers in disregard of the constitutional protection to the citizen. *Hughes* v. *The State,* 145 Tenn., 544; *Amos* v. *United States,* 145 U. S., 594; *Weeks* v. *United States,* L. R. A., 1915B, 834.

The proceeding by the State for forfeiture of liquor, and the assertion by the citizen of the right to its possession is independent of the proceeding to suppress evidence illegally seized by officers of the government. The latter is intended merely to prevent the use of the property wrongfully seized as evidence upon the trial of the criminal charge, and is only a step in that proceeding. *United States* v. *Marquette,* 270 Fed., 214.

In *Bass* v. *State,* 153 Tenn., 174, the court said:

"Any order invoked, at whatever stage of the case, for the purpose of suppressing the evidence because illegally procured, is an order in the case that springs

from the indictment founded upon the initial search and seizure proceeding. Such an order is but a step in the progress of the case, not final but essentially interlocutory, and not reviewable, except upon appeal after final judgment in the case wherein the interlocutory order was entered.''

Here appellant filed a petition in the criminal cause to suppress the evidence because obtained through illegal search. It was not an independent action designed to determine the right of property, but a step in the criminal case designed to suppress evidence which the State illegally seized and was about to offer in condemnation of the person from whom it was taken.

The dismissal of the indictment ended the case and carried with it every antecedent procedural step. Nothing remained of the case to be reviewed upon appeal.

Statutes regulating search and seizure were passed without reference to use in discovering concealed liquor. When they were passed intoxicating beverages were legitimate objects of commerce and use. The constitutional provision against illegal search and seizure was made in denunciation of the practice of invading the homes of citizens to obtain documentary evidence upon which to accuse and condemn them. The procedure through which documentary evidence, illegally obtained, was returned to the owner that it might be suppressed, has been extended in its application but the object—suppression of illegally seized evidence—is the same.

Our statute regulating search and seizure provides that if the grounds on which the warrant was issued are not sustained, the Magistrate shall cause the property seized to be restored to the person from whom taken. Under Section 7309 of Shannon's Code, if the property was taken on a warrant issued to seize property because

used as the means of committing a felony, or with intent to use it in committing an offense, the Magistrate is required to retain possession of it subject to the order of the court to which he makes return, or in which the offense is triable. The statute does not direct the procedure, but it would, of course, be the duty of the court having control of the property, upon a showing that it was illegally seized, to restore it to the owner. But the action of the court restoring, or refusing to return the property, could not be reviewed on appeal of the criminal proceeding after its dismissal in the trial court.

The action of the court under the procedure upon the petition to suppress the evidence, referred to in *Bass* v. *State,* supra, is reviewable only for error in the trial court upon appeal from a judgment of conviction under the indictment. No appeal lies from a *nolle prosequi.* Antecedent interlocutory orders and attendant procedure cannot be reviewed upon appeal. The proprietary right of the defendant to the evidence seized can be determined only in an appropriate independent proceeding.

Appeal dismissed.