STATE OF TENNESSEE *v.* FRAZIER VAUGHN.

*(Nashville.* December Term, 1927.)

Opinion filed, January 21, 1928.

1. CRIMINAL LAW. MOTION TO QUASH. JUDGMENT NOT FINAL.

A judgment which recites "said indictment is accordingly quashed by the court and the defendant ordered to stand on his present bond while the Attorney-General recommits said indictment, to which action of the court in sustaining said motion and in quashing said indictment and in ordering said indictment recommitted the Attorney-General excepted at the time and now excepts" is not such a final judgment as can be appealed from. (Post, p. 344.)

2. CRIMINAL LAW. FINAL JUDGMENT. APPEAL. STATUTES. EQUITY CASES.

A judgment of the criminal court to be reviewed by appeal or otherwise must be final. Our statutes permitting appeals from interlocutory orders or decrees applies to equity cases only. (Post, p. 344.)

Citing: Jordan v. The State, 124 Tenn. (16 Cates), 81; Payne v. Satterfield, 114 Tenn. (6 Cates), 58; Thompson-Shannon's Code, section 4889; State v. Martindale, 52 Mo., 31; State v. Mullix, 53 Mo., 355; People v. Saxer, 147 Ill. App., 314.

3. CRIMINAL LAW. MOTION TO QUASH. APPEAL. PRACTICE.

A speedy administration of the criminal laws will not be promoted ordinarily by permitting an appeal on the part of the State in a case where a motion to quash was sustained and the indictment ordered recommitted. (Post, p. 345.)

*Headnotes 1. Criminal Law, 17 C. J., section 3313; 2. Criminal Law, 17 C. J., section 3284.

FROM PUTNAM.

Appeal from the Circuit Court of Putnam County.—
Hon. J. R. MITCHELL, Judge.

W. F. BARRY, JR., Assistant Attorney-General, for
plaintiff in error.

JOHN HOLLADAY and O. K. HOLLADAY, for defendant in
error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

(1) An indictment for perjury was returned against
the defendant and the trial judge sustained a motion to
quash. The order recites that "said indictment is ac-
cordingly quashed by the court and the defendant ordered
to stand on his present bond while the Attorney-Gen-
eral recommits said indictment, to which action of the
court in sustaining said motion and in quashing said in-
dictment and in ordering said indictment recommitted
the Attorney-General for the State excepted at the time
and now excepts." An appeal was thereupon prayed
and granted and the State has assigned errors in this
court.

We think the appeal must be dismissed because the
judgment below was not final. The defendant was not
discharged but it was expressly directed that he be held
on his bond, pending the amendment of the indictment
by the Attorney-General and the grand jury, and the
Attorney-General was directed by the court to recommit
said indictment to the grand jury for further considera-
tion.

(2) The judgment of a criminal court, to be reviewed
by appeal or otherwise, must be final, just as a judgment

at law. *Jordan* v. *The State,* 124 Tenn., 81. Section 4889 of Thompson-Shannon's Code permitting appeals from interlocutory orders or decrees applies to equity cases only. *Payne* v. *Satterfield,* 114 Tenn., 58.

The exact question here presented came before the Missouri court in *State* v. *Martindale,* 52 Mo., 31, in which the State undertook to appeal from an order sustaining a demurrer to an indictment, where the court ordered defendant to stand in custody for the further action of the grand jury. The appeal was dismissed because the judgment below was not final. To the same effect is *State* v. *Mullix,* 53 Mo., 355, and to like effect is *People* v. *Saxer,* 147 Ill. App., 314. In Freeman on Judgments (5 Ed.), p. 40, some authority to the contrary is noted but we believe that the conclusion of the Missouri court is more in accord with our statutes and practice.

*(3)* A speedy administration of the criminal laws will not be promoted ordinarily by permitting an appeal on the part of the State in a case in such plight as the one before us. It is a simple matter for the Attorney-General to bring the indictment a second time before the grand jury and have it amended to comply with the precautions of the trial judge. On the other hand an appeal to this court under such circumstances may delay proceedings several months.

Let the appeal be dismissed.