ALLEN *v.* STATE.

(*Nashville,* December Term, 1951.)

Opinion filed February 9, 1952.

Designated for publication August 15, 1952.

ANDERSON & ANDERSON, of Gainesboro, for plaintiff-in-error.

KNOX BIGHAM, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

This record presents an appeal by the plaintiff in error from the action of the trial judge in striking pleas of (1) former suit pending, (2) former judgment, and (3) former jeopardy. There was no final determination of the case. A motion was made to strike these pleas by the district attorney general and this motion of the district attorney general was sustained. To the action of the trial judge in sustaining the motion to strike these pleas this appeal was permitted.

This question is not open to review either upon appeal or writ of error at this time for nothing has been finally adjudicated in the trial court. The cause still stands there for trial and until the plaintiff in error is cast in a final judgment in that court on the offense charged, he cannot appeal. Of course he can, as he did, preserve his exceptions to the action of the trial judge in striking these pleas and present this question if he is eventually found guilty of the offense charged.

This is a very similar situation and the same rule applies as was applied by this Court in *Houser* v. *Haven*, 187 Tenn. 583, 216 S. W. (2d) 320. This Court there held, following an earlier decision, that there was no authority in this State allowing a discretionary appeal to the circuit court from an interlocutory judgment. The Court also held that the statute (Code Section 9038) permitting appeals as to certain interlocutory orders does not permit appeals in tort actions. The same rule would apply in this case.

This Court has over a long period of time held that when there is no final adjudication in these criminal cases

then an appeal would not lie. See *Nolin* v. *State,* 46 Tenn. 12; *Jordan* v. *State,* 124 Tenn. 81, 135 S. W. 327, 34 L. R. A., N. S., 1115; *Mason* v. *State,* 169 Tenn. 52, 82 S. W. (2d) 862.

It results that the motion by the State to dismiss this appeal must be sustained. The appeal is accordingly dismissed and the case remanded to the lower court for final disposition.