HELTON *v.* STATE.

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

Weaver & Carroll and Graham & Van Derveer, all of Chattanooga, for petitioner.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

This is a petition for certiorari wherein the petitioner seeks to have this Court issue its common law writ of certiorari to review the action of the Criminal Judge in declining to sustain the petitioner's plea of once in jeopardy interposed by him in the trial of a criminal case against him. We will not discuss the merits of the action of the trial judge at this time because any discussion thereof at the present is premature. Should the writ be granted then the case of necessity would be docketed and reached in the normal call of this Court's docket.

The issuance of the common law writ of certiorari is a discretionary matter and not to be issued as a matter of right. *City of Knoxville* v. *Connors,* 139 Tenn. 45, 201 S. W. 133.

Where the error complained of in the petition for certiorari is not of the type to render all subsequent proceedings void the writ will not be issued. The best description of the function of the common law writ and its efficacy is found in *State ex rel. McMorrow* v. *Hunt,* 137 Tenn. 243, 249, 192 S. W. 931, 933. In that case this Court among other things quoted with approval the following:

" 'It must be borne in mind that the functions of certiorari are simply to ascertain the validity of proceedings before a court of justice, either on the charge of their invalidity, because the essential forms of the law have not been observed, or on that of the want of jurisdiction in the court entertaining them. The writ has never been employed to inquire into the correctness of the judgment rendered where the court had jurisdiction, and was therefore competent. Hence it has been held that the supervisory jurisdiction of the court on a certiorari must be restricted to an examination into the external validity of the proceedings had in the lower court. It cannot be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case. The supervisory powers of the court should not be confounded with its appellate jurisdiction.' "

In proceedings of this sort, that is, petitions for certiorari, the jurisdiction of this Court is supervisory

302

rather than appellate. *McCord* v. *Nashville, C. & St. L. Ry.*, 187 Tenn. 277, 286, 213 S. W. (2d) 196.

██ ██ In the present case there can be no doubt but that the Criminal Court of Hamilton County had full and adequate jurisdiction to determine the petitioner's plea of once in jeopardy and to render such judgment thereon .as that court might deem appropriate under the law and facts. If we concede for the sake of argument that the trial court might render an erroneous judgment upon this question, that fact does not deprive the trial court of its jurisdiction to hear and adjudicate the same nor does it operate to deprive him of any further powers in the case. There is no suggestion and can be none that the trial judge whose action is sought to review herein was not proceeding to the forms of law and in conformity with accepted principles. The statements in *State ex rel. McMorrow* v. *Hunt,* supra, make it perfectly definite that an error of law committed by the lower court is entirely inadequate to warrant the issuance of the writ here sought. The proceedings must be so completely illegal as to make it substantially arbitrary and without the form of law before the writ should issue. The contention of the petitioner in substance is that the alleged error of law upon the part of the trial court in passing upon this question of former jeopardy operates to deprive it, the trial court, of further jurisdiction in the premises. The best answer to this contention lies in the vast number of cases which are cited in the petition wherein pleas of former jeopardy have been sustained by this Court upon a re-trial of the case in which they were interposed. In none of them has there been the slightest intimation that the erroneous action of the trial judge upon these matters operated to deprive it of further

power to proceed in the premises. The question has been raised in many States, and, insofar as we know, this is the first time that the question has been squarely presented in this State.

The policy of this State has always been to allow appeals or appeals in the nature of a writ of error in criminal cases from final judgments only. See *Nolin* v. *State*, 46 Tenn. 12; *Jordan* v. *State*, 124 Tenn. 81, 135 S. W. 327, 34 L. R. A., N. S., 1115; *Mason* v. *State*, 169 Tenn. 52, 82 S. W. (2d) 862. In a recent opinion handed down by this Court at the December Term, 1951, at Nashville, in the case of *Allen* v. *State*, 194 Tenn. 296, 250 S. W. (2d) 539, we reviewed these cases. In the Allen case this was an attempt to appeal from an order disallowing a plea of former jeopardy and we dismissed the suit because of its prematurity.

The present petition seeks to review the proceedings against the petitioner by piecemeal and to have the validity of the judgment of the Criminal Court upon his plea in bar adjudicated prior to a subsequent trial of the petitioner. It seeks to review for error in the action of the trial judge this one particular phase of the proceedings in the lower Court and we think that such a review of criminal cases in piecemeal should not be allowed. Were we to adopt the practice of so doing, every person aggrieved by a ruling of the trial judge made in the exercise of his discretion, could well seek to have such ruling reviewed by this Court on common law writ of certiorari upon the claim that the error was so fundamental as to denude the trial court of further jurisdiction. The effort in the present case is premature. We will follow a long and well established practice by declining to review matters in criminal cases until final judgment is reached.

The petitioner avers, also, that his case has been reset for trial and that he will be greatly inconvenienced by being tried anew. This in and of itself does not warrant the issuance of the writ. It could be that the petitioner would never be retried. It could happen that the trial judge might change his views as to the soundness of this plea and revise his ruling or it could be that the petitioner might be acquitted upon a subsequent trial in which event the matter would be moot.

This insistence of the petitioner as to expense and inconvenience, is well answered by the Supreme Court of Rhode Island in the case of *State* v. *Paradis,* 66 R. I. 152, 18 A. (2d) 342, 344, 133 A. L. R. 929, as follows:

"That the petitioners will be put to the expense and inconvenience of defending themselves in trials under indictments that may later prove to have been vitiated by error is not an uncommon incident of criminal prosecutions. That is a burden which all must bear under our system of judicial procedure. If we were to allow certiorari on this ground, the requests for this writ would certainly be the rule rather than the exception, and there would be little left of the well-established principle of our appellate procedure that this court will not review a cause piecemeal."

There will be found a note 133 A. L. R. 929, wherein the authorities on the question, here presented, are collated and the overwhelming weight of these authorities is that an appellate court will not review the sufficiency of an indictment upon certiorari prior to trial but to the contrary, will relegate the party to the remedy by appeal. Probably the only cases to the contrary come from the State of North Carolina. The first case in North Caro-

lina on this subject, which has been followed on one or two occasions in that State, is *State* v. *Jefferson,* 66 N. C. 309. An examination of that case discloses that the practice followed by the Supreme Court of North Carolina is completely at variance with the practice adopted by this Court in connection with the common law writ of certiorari. The Supreme Court of North Carolina reviews a petition for certiorari as if it were in that court upon a writ of error or in a case where it exercised appellate jurisdiction and not merely supervisory jurisdiction. This of course is diametrically opposed to the rule in this State in connection with the common law writ here sought where we only exercise supervisory jurisdiction as distinguished from appellate jurisdiction.

The identical question here raised was raised in the State of Minnesota in *State* v. *Noonan,* 24 Minn. 124, and that court in denying the writ sought said among other things that:

"The court below is one of record and of general jurisdiction, and possessed the exclusive original power and authority to try the indictment in question, and to hear and determine all questions that properly arose during the progress of the trial. Its proceedings therein were strictly in accordance with the course of the common law, and an ample and adequate remedy was provided by statute for the correction of any and all errors committed in the exercise of its jurisdiction by appeal, or writ of error, after exceptions duly taken, and made a part of the record. None of the alleged errors and irregularities specified in the petition are of a jurisdictional character. They all relate to matters and questions which occurred in the course of the trial, and which

were clearly within the jurisdiction of the trial court to hear and determine in the first instance.''

"The principle of the decision is that a common law certiorari will not lie to remove a criminal case before judgment from a court of general jurisdiction, proceeding according to the course of the common law, for the purpose of obtaining a review of any intermediate order or decision made therein, whenever any other available and adequate remedy is provided. Any other doctrine would prove extremely mischievous and embarrassing in the administration of criminal justice.''

And again the State of Washington in *State ex rel. Miller* v. *Bell*, 157 Wash. 279, 289 P. 25, 26, uses very pertinent language as follows:

'' 'A trial court may erroneously refuse to quash an information or indictment, it may erroneously deny to a defendant the benefit of a plea of former jeopardy, it may erroneously uphold a bad information or indictment, or it may uphold an invalid statute, but all such defenses must be presented and tried out in an orderly way, and an appeal to a higher court has always been deemed an adequate remedy for the correction of such errors.'

"Nor will certiorari lie when there is an adequate remedy by appeal.''

Upon review of the various cases from other jurisdictions a score of different assignments that have been made in petitions of how a trial court erred but the courts have all refused to take these matters up piecemeal and treat them in that way with exception of the North Carolina court where, as heretofore said, the practice is entirely different. Until the petitioner be convicted of the

crime with which he is charged this application becomes premature. In the case of his final conviction, the law offers him his remedy by appeal from which the action of the trial judge upon this question can and will be reviewed by this Court in the ordinary way. Until he be convicted he has suffered no appreciable detriment that is recognized by the law by reason of the alleged erroneous action of the trial judge. For the reasons stated the petition is denied and the costs will be assessed against the petitioner.