State of Tennessee

*v.*

Myron Brooks and John Henry Gant.

356 S.W.2d 272.

(*Nashville,* December Term, 1961.)

Opinion filed April 4, 1962.

George F. McCanless, Attorney General, Lyle Reid, Assistant Attorney General, Nashville, for the State.

J. C. Summers, Nashville, for John Henry Gant, Dale Quillen, Nashville, for Myron Brooks.

MR. JUSTICE DYER delivered the opinion of the Court.

The Defendants, Myron Brooks and John Henry Gant were indicted in Davidson County for receiving, transporting and possessing untaxed, contraband white corn whiskey. Counsel for Defendants moved to suppress the testimony of arresting officers on the ground the search of the vehicle was unlawful, and upon the hearing the trial court sustained this motion. The State was granted and has perfected its appeal to this Court.

On the night of April 13, 1961 two members of the Davidson County Sheriff's Patrol were cruising on Old Hickory Boulevard, about 2:15 A.M. and noticed a car stopped on the traveled portion of the road with its lights off. The officers drove on past the car and then turned around to come back to investigate. Upon returning they saw the car had started and was weaving on the road at an estimated speed of 20 to 25 miles per hour. The officers stopped the car and one of them walked up to the driver's side requesting of Defendant Brooks to see his drivers license. During the examination of the drivers license the officer noticed the car seat pulled out in such a manner that a can in the trunk of the car was visible. The Defendant Brooks did not have a drivers license, and as the other officer started around the car to assist in this investigation Defendant

14

Gant jumped from the car and ran. Gant was apprehended and both Defendants placed under arrest. The officers directed Defendant Brooks to open the trunk of the car, which he did, and there was found 20 gallons of untaxed white corn whiskey.

■ We have here a situation where two officers on patrol duty noticed a car stopped on the traveled portion of the road, without lights, late at night, which could have been a violation of the law. Sec. 59-859, T.C.A. Upon passing and returning to investigate they noticed the car, which had started, weaving on the road, and at this point it was not only their legal right but their duty to investigate this normally dangerous behavior of the car, even though it was later shown the cause of the weaving to be highway construction in this area. Having properly stopped the car the officers were authorized to examine the drivers license, and upon finding the driver had none, then to make an arrest. Sec. 59-709, T.C.A.

■ The original stopping and arrest being legal, then the officers under all the circumstances had a right to search the vehicle without a warrant.

Counsel for defendants in support of their position that the search is illegal cite the cases of *Elliott v. State,* 173 Tenn. 203, 116 S.W.2d 1009 and *Robertson v. State,* 184 Tenn. 277, 198 S.W.2d 633. We have closely examined these cases and find there are material differences in regard to the facts of these cases and the instant case. In the Elliott case there was nothing visible to excite suspicion such as in the instant case, nor any attempt to escape as in the instant case. In *Fuqua v. State,* 175 Tenn. 11, 130 S.W.2d 125 this Court made the following state-

ment in regard to the Elliott case: "Moreover, it is inferable from the facts of the Elliott case that the arrest for violating traffic regulations was a pretext for searching the automobile." In the Robertson case it was apparent the officers were using the checking of a drivers license as a subterfuge to examine the contents of the car. In the instant case it is obvious the officers were not using the checking of a drivers license as an excuse to examine the contents of this car.

In 30 Am.Jur., page 789 in their article on search of vehicles we find the following:

"If the search and seizure without warrant are made on probable cause, that is, upon the belief seasonably arising out of the circumstances known to the seizing officers, that an automobile or other vehicle contains that which, by law, is subject to seizure and destruction, the search and seizure are valid."

Considering the hour of the night, the manner in which the vehicle was first noted by officers, the seat of car being pulled out where the can in the trunk was visible, and the attempted flight of one of the defendants, we are compelled to the opinion these officers had probable cause to believe this vehicle contained that which, by law was subject to seizure.

Judgment of the trial court is reversed and the cause remanded for trial.