STATE OF TENNESSEE, Petitioner,

*v.*

CHARLES W. BONHART, Respondent.

448 S.W.2d 669.

(*Jackson*, April Term, 1969.)

Opinion filed December 15, 1969.

DAVID M. PACK, Attorney General, PAUL E. JENNINGS, Assistant Attorney General, Nashville, and DONALD D. STROTHER, Assistant District Attorney General, Memphis, for petitioner.

J. HAROLD ELLIS, Memphis, for respondent.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This case comes to this Court by grant of writ of certiorari. After consideration of the matter we are of the opinion that the holding of the Court of Criminal Appeals is correct and are pleased to adopt the opinion of that court written by Judge Oliver as the opinion of this Court. The opinion of the Court of Criminal Appeals is as follows:

This is an appeal by the State. In separate indictments, the defendant Bonhart was indicted for unlawful possession of marijuana and for carrying a pistol. In a pre-trial hearing of a motion to suppress evidence (relating specifically to weapons, cartridges, and marijuana cigarettes) filed pursuant to T.C.A. sec. 40-519, the trial court sustained the motion and suppressed use of the specified items as evidence.

The District Attorney General filed a motion for a new trial or a rehearing, in connection with which he also filed his affidavit stating that the court's order suppressing the evidence was in effect a final judgment in the case because without that evidence the State was unable to proceed with the prosecution. The motion for a new trial being overruled, the State excepted and prayed and was granted an appeal to this Court.

The vital question presented here is whether the State has a right to appeal from the trial court's interlocutory order suppressing the evidence. In its brief and argument the State recognizes that this is the presiding issue in this case. Actually, the question raises a two-fold issue; (1) the appealability of interlocutory orders and judgments, and (2) the right of the State to appeal in criminal cases.

It was decided long ago in this State, consonant with the general law, that interlocutory orders and judgments are not appealable, except as provided by statute in equity causes. T.C.A. sec. 27-305; *Payne v. Satterfield*, 114 Tenn. 58, 84 S.W. 800 (1904); *Warfield v. Thomas' Estate*, 185 Tenn. 328, 206 S.W.2d 372; *Carmichael v. Hamby*, 188 Tenn. 182, 217 S.W.2d 934; *Dykes v. Meighan Construction Co.*, 205 Tenn. 175, 326 S.W.2d 135; *Boyce v.*

*Williams,* 215 Tenn. 704, 389 S.W.2d 272. The rule and its undergirding principles were well stated in *Payne v. Satterfield.* supra:

It is a well-settled rule, save where changed by statute, that questions arising in a course of legal proceedings cannot be reviewed in an appellate court until a final decision in the cause has been rendered below. (Citing cases). This rule was designed to avoid the delay and confusion arising from multiplied and successive appeals from interlocutory decisions on matters arising in the progress of the cause before final judgment. It is insisted, however, that there is to be found in section 4889 of Shannon's Code [T.C.A. sec. 27-305] a provision which modifies this rule, so as to remove the objection that the present appeal is premature. That section is as follows: ''The chancellor or circuit judge may in his discretion allow an appeal from his decree in equity causes, determining the principle involved and rendering an account for a sale or partition before the account is taken or the sale or partition is made; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right although the case may not be disposed of as to others.''

This section is part of article 7 of chapter 14, which is entitled by Mr. Shannon, in his edition of the Code. ''Appeal from the Circuit and Chancery Court in Equity Cases.'' Section 4887 [T.C.A. sec 27-301] of that article provides that either party dissatisfied with the judgment or decree of the circuit or chancery court in a matter of equity, tried according to the forms of the chancery court, may on appeal have a re-examination in the Supreme Court of the whole matter of law and

fact appearing in the record. Section 4888 [T.C.A. sec. 27-302] provides for the trial, upon a demand of either party, of issues of fact in the chancery court. Then follows section 4889 [T.C.A. sec. 27-305], which has just been quoted. We think that the appeal allowed before a final decree provided for in this section is by its terms and by its location in the Code necessarily confined to equity cases tried either in the circuit or chancery court, and that such a case as is the present, involving no equitable principle, is not within the provision of this section, and that the parties thereto are not entitled to its benefit.

T.C.A. sec. 27-305, referred to and quoted in *Payne v. Satterfield,* supra, now reads as follows:

Discretionary appeal before final decision.—The chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition or other character of reference, before the account is taken or the sale or partition is made or the reference had; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others; or he may allow any party to appeal from a judgment or decree which settles the rights of the parties, although the amount of damages or compensation has not been determined.

However, this statute permitting appeals from interlocutory orders or decrees in equity cases has no application in criminal cases. *State v. Vaughn.* 155 Tenn. 343, 1 S.W.2d 527; *Allen v. State,* 194 Tenn. 296, 250

S.W.2d 539; *Cogburn v. State,* 198 Tenn. 431, 281 S.W.2d 38. In *Cogburn,* the plaintiffs in error appealed from a judgment based upon a jury verdict finding them presently insane. Sustaining the State's motion to strike the appeal, our present Chief Justice wrote for the Court:

Under the facts of the instant case the judgment here is not final.

"It is a proceeding preliminary to the trial upon the guilt or innocence of the defendant, and the only effect it can have on such trial is to postpone it, in the event the issue is found for the defendant.

It is purely a collateral issue, similar to those involved upon an application for continuance, or the qualification of a talesman when the jury is being impaneled. It is also somewhat analogous to cases where the question of the admission of evidence is presented and tried by the presiding judge, such as the competency of dying declarations and of secondary evidence of the contents of lost documents." *Jordan v. State,* supra. [124 Tenn. 81, 135 S.W. 327, 34 L.R.A., N.S., 1115].

Thus in view of this fact that the judgment is not final the State very forcibly and reasonably argues that the appeal should be dismissed for this reason. In support of this argument the State says:

"In *Jordan v. State,* 124 Tenn. 81 [135 S.W. 327, 34 L.R.A.,N.S., 1115], it is expressly held that an appeal would not lie from a judgment against one finding him presently sane. The same rule definitely must be applicable to a judgment finding him presently insane. In *McLean v. State,* 1 [Tenn.] Cas. (Shannon) 474, it was held that it was no such final judgment where a plea of former conviction was interposed and denied as to per-

mit an appeal therefrom. In *State v. Bass,* 153 Tenn. 162 [281 S.W. 936], it was held that an order to suppress evidence was interlocutory and not final to the extent that an appeal could be perfected therefrom. In *Homolko v. State,* 155 Tenn. 467 [295 S.W. 66], it was held that no appeal lay from an order entering nolle prosequi. In *State v. Vaughn,* 156 Tenn. 343 [1 S.W. (2d) 527], it was held that an appeal would not lie from an order quashing an indictment and ordering it recommitted to the grand jury. In *Mason v. State,* 169 Tenn. 52 [82 S.W.(2d) 862], it was held that no appeal lay from an order retiring the case from the docket. In *Allen v. State,* 194 Tenn. 296 [250 S.W. (2d) 539], it was held no appeal lay from an order striking pleas of former jeopardy and of former suits pending, and in *Helton v. State,* 194 Tenn. 299 [250 S.W.(2d) 540], it was held that the writ of certiorari would not lie where the matter complained of was interlocutory and not a final judgment.''

██ The general rule is stated in 4 C.J.S. Appeal & Error sec. 92, p. 238:

It is the general rule, therefore, that an appeal, writ of error, exceptions, or other proceeding for review will not lie from or to an interlocutory or intermediate decision unless it is expressly permitted by statute, rule, or constitutional provision, * * *

The general rule is applied even though the court below may have mistakenly supposed that the judgment, order, or decree was a final one within the meaning of the law.

A judgment, order, or decree which is not final may not be reviewed merely because it is, or is alleged to be,

null and void. [Ibid. p. 246. See also 24 C.J.S. Criminal Law sec. 1644, pp. 991-998.]

In *State v. Bass,* 153 Tenn. 162, 281 S.W. 936, the Court sustained the defendant's preliminary motion to quash the search warrant and suppress the evidence seized. The State appealed. Dismissing the appeal, the Court said:

As outlined above, the procedure in this State affords a citizen aggrieved by an unlawful search and seizure full means of redress. Through our procedure the evidence, if obtained by unlawful search and seizure, is suppressed when offered by the state.

Whatever may be said about the preliminary step, whether by motion or petition, for the restoration of the thing seized, its purpose after all is, not to determine property rights, but to suppress illegally obtained evidence. Any order invoked, at whatever stage of the case, for the purpose of suppressing the evidence because illegally procured, is an order in the case that springs from the indictment founded upon the initial search and seizure proceeding. Such an order is but a step in the progress of the case, not final but essentially interlocutory, and not reviewable, except upon appeal after final judgment in the case wherein the interlocutory order was entered. The reason for the rule, intended to avoid delay incident to multiplied appeals, is well stated in *Rutherford v. Richardson,* 1 Sneed 609, and *Payne v. Satterfield,* 114 Tenn. 58, 84 S.W. 800.

We turn now to the phase of the inquiry concerning the right of the State to appeal in criminal cases. The applicable statutes are T.C.A. secs. 40-3401, 40-3402, and 40-3403, which provide:

40-3401. Right to appeal.—Either party to a criminal proceeding may, with the exception stated in sec. 40-3403, pray an appeal in the nature of a writ of error to the Supreme Court as in civil cases.

40-3402. Right to writ of error.—Either party may take the case to the Supreme Court by writ of error, in the same way that a writ of error may be sued out in civil actions.

40-3403. No remedy to state on acquittal.—The state has no right of appeal or other remedy for the correction of errors, upon a judgment of acquittal in a criminal case of any grade.

Construing T.C.A. sec. 40-3401 (then Code Section 5245), the Supreme Court of this State held in 1868 that this section secures to the State the right of an appeal except when the defendant has been acquitted. *Nolin v. State,* 46 Tenn. 12.

In *State v. Malouf,* 199 Tenn. 496, 287 S.W.2d 79, upholding the right of the State to appeal from dismissal of a prosecution upon a plea of double jeopardy, the Court held that under T.C.A. secs. 40-3401 and 40-3403, ''Reading the two sections together obviously it appears that the only place in which the State is forbidden to appeal is when the defendant has obtained a 'judgment of acquittal.' ''

In *State v. Felts,* 220 Tenn. 484, 418 S.W.2d 772, the Court sustained the State's appeal in the nature of a writ of error from the order of the trial court sustaining a plea in abatement to the indictment.

■ So, unquestionably it is the settled law of this State that the only limitation upon the right of the State

to appeal in criminal cases is that it does not exist in any case where the accused is acquitted. However, this rule and the decisions affirming it do not in any way alter or vitiate the validity of the equally fundamental and well-settled rule, considered above, that there is no right of appeal from an interlocutory order or judgment in criminal cases. As pointed out above, the Court applied this rule in *State v. Bass,* supra, a case involving a trial court's preliminary and interlocutory order suppressing evidence, just as in the present case. Indeed, close analysis of the cases sustaining the State's right of appeal, such as *Malouf* and *Felts,* supra, demonstrates conclusively that the order appealed from was to all intents and purposes a final judgment in the sense that, if unchallenged and unchanged, it effectively terminated that particular prosecution.

Nor is it material that an interlocutory order may appear to present difficulties in the way of proceeding further with prosecution of the case. When confronted by such interlocutory order of the trial court which may seem to foreclose the possibility of convicting the defendant in whose favor the order was made, the State can have no right to try to forestall a possible eventual acquittal by undertaking to invalidate the interlocutory order by appeal. The law precluding appeal from interlocutory orders in criminal cases is not to be circumvented and nullified by such considerations.

It results that the defendant's motion to strike the State's appeal from the trial court's interlocutory evidence—suppressing order must be sustained. The appeal is dismissed and the case is remanded to the trial court for further proceedings.

The State relies upon the following opinions of this Court: *State v. Brooks*, 210 Tenn. 12, 356 S.W.2d 272 (1962); *State v. Sircy*, 215 Tenn. 1, 383 S.W.2d 37 (1964); *State v. Calvert*, 219 Tenn. 534, 410 S.W.2d 907 (1966). While the issue decided in the case at bar was not discussed in the published opinions in any of these three cases, we will agree they could support the position of the State since in each of them the State did appeal under almost identical circumstances as in the case at bar. This was an error of this Court and so far as these three cases are in conflict with the holding in the case at bar same are so modified.

The State ably and earnestly argues the denial of a right of appeal under the circumstances of this case would work an injustice, particularly if the State is forced to go to trial without use of the suppressed evidence and it later be determined the trial judge was in error in sustaining the motion to suppress the evidence. We agree this result could be possible, but, absent legislation, we are not constrained to change a long standing rule of procedure.

The judgment of the Court of Criminal Appeals is affirmed.

CRESON, JUSTICE, and JENKINS and BOZEMAN, SPECIAL JUSTICES, concur.

McCANLESS, JUSTICE, not participating.