Robert STINSON, Jr., Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

March 7, 1974.

Certiorari Denied by Supreme Court
May 6, 1974.

**518**

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Henry F. Swann, Dist. Atty. Gen., Dandridge, Edward F. Hurd, Special Prosecutor, Newport, for defendant in error.

Ray H. Jenkins, Knoxville, Franklin Park, Jefferson City; R. B. Hailey, Sevierville, and John R. Conkin, Jefferson City, for plaintiff in error.

## OPINION

GALBREATH, Judge.

This case is before us on a motion to dismiss the appeal which in turn is predicated on the action of the trial judge in overruling a motion for an acquittal and/or a dismissal of the State's case. The undisputed facts upon which the trial judge's allegedly erroneous action was based are as follows: the defendant, Dr. Robert Eugene Stinson, is presently free on bond after two trials by jury ended in mistrials due to the inability of the juries to agree, and a third trial which, by consent of both defendant and State, ended in a mistrial. After the third trial aborted, the defendant filed a motion for acquittal and dismissal, alleging that a fourth trial would be in violation of the defendant's constitutional rights. A hearing was had on this motion, and the motion was overruled. The defendant has appealed the overruling of this motion, and the court has granted an appeal.

It is alleged that a fourth trial will be violative of the constitutional rights of the defendant under the 5th, 6th, 8th and 14th Amendments to the Constitution of the United States dealing with double jeopardy, speedy trials, cruel and inhuman treatment and due process.

We must sustain the State's motion and dismiss this appeal which, to say the least, is untimely and improvidently granted since the order complained of is not a final judgment and as such is not appealable. See State v. Bonhart, 223 Tenn. 582, 448 S.W.2d 669.

Although in rare instances where there are no adequate and speedy remedies available to one aggrieved by an interlocutory order and it is alleged that the action complained of is unlawful, arbitrary, capricious or outside the jurisdiction of the trial court we can review the lower court ruling on application for certiorari, unless the proceeding to be reviewed is so completely illegal as to make it substantially arbitrary and without the form of law the writ will not be issued. See Helton v. State, 194 Tenn. 299, 250 S.W.2d 540.

A motion seeking termination of the prosecution based upon the grounds alleged, or any other that suggest themselves as proper, of course may and should be carefully considered by the trial court if properly renewed as a plea in abatement as a possible bar to further prosecution in this case. However, we will not be able to reach the merits of the issues raised unless and until a final judgment of guilt is entered. To attempt to resolve the issues at this point would be outside the appellate jurisdiction of this Court since there has been no appeal presented to us from a final judgment. It may be that the State will elect not to prosecute the defendant further. If so, this will render moot any opinion we might have on the issues raised by the motion to acquit. It may be that a future trial will result in a not guilty ver-

dict which would dispense with the necessity of an appeal.

In granting the motion of the State to dismiss this appeal, we must call attention to a complete disregard by counsel of the first two rules of this Court as adopted from the Rules of the Supreme Court. These rules provide:

"Counsel are required in all cases, when practicable, to abridge the records to be certified on an appeal, or an appeal in the nature of a writ of error, to this court, by stipulation; eliminating all pleadings, testimony, orders, and other parts of the record, which do not bear upon or affect the rights of the parties and the questions to be here determined.

"Counsel for appellant, or plaintiff in error, in the absence of a stipulation as above provided, shall proceed in accordance with the provisions of Tennessee Code Annotated, sections 27–323 to 27–325, inclusive, designating in writing the portions of the record desired by him to be included in the transcript. If the counsel for the appellee, or defendant in error, having first had five days' notice in writing of the action of the opposite party given by said party, his counsel or the clerk, shall fail to designate in writing any part of the record, the clerk will copy in the transcript only that part designated by counsel for appellant, or plaintiff in error, which shall constitute the record upon which the case will be tried in this court. No part of the record shall be copied into the transcript not so designated. Costs accruing for failure of counsel to comply with this rule will be adjudged against the party whose counsel is in default. (Lieberman v. Bowden, 121 Tenn. 496, 503, 119 S.W. 64.)"

Rule 1.

"Counsel in the preparation of bills of exceptions in the trial court, in all cases, shall omit therefrom all that is immaterial or which is no longer controverted, or does not bear upon any ground assigned in the trial court for a new trial. Proceedings had in the organization and impaneling of juries, and arguments of counsel, must not be included unless the same were seasonably objected to, and then only the portion complained of and the action of the court in regard to the same, shall be stated. When counsel fail to comply with this rule, an abstract of the record may be required to be made and filed before the hearing of the case, and such other orders made as may be necessary to enforce the rule."

Rule 2.

We have before us as completely useless and unnecessary parts of the record the verbatim transcripts of not just the last trial resulting in a mistrial, but the first and second trials in which the juries could not agree on their verdicts. Not one jot of any of these hundreds of pages—over 15 pounds—should have been designated by counsel for either party since none of it bore any materiality at all to the issues involved in this appeal even if we had addressed ourselves to them.

Costs accruing for failure of counsel for plaintiff in error to comply with the rules will be taxed against the plaintiff in error. Counsel in this and future cases would be well advised to abide by the rules of appellate procedure.

OLIVER, J., concurs in result only, but not in the dictum regarding abridgement of records or taxing costs.

MITCHELL, J., concurs.